T.C. Memo. 2003-4


UNITED STATES TAX COURT


MORRIS TABAK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11465-01L.              Filed January 7, 2003.


<u>R. Scott Shieldes</u> and <u>Karen Baker</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court on respondent's Motion For Summary Judgment, filed pursuant to Rule 121.[1]  Respondent contends that there is no dispute as to any material fact with respect to this lien action and that

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

respondent's determination not to withdraw the disputed notice of Federal tax lien should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); see Rule 121(a); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

The record establishes and/or the parties do not dispute the following:

A.  Petitioner's Tax Liabilities for 1997 and 1998

On or about August 19, 1998, Morris Tabak (petitioner) filed with respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997.  On the return, petitioner reported adjusted gross income of $75,301 and a tax liability of $13,023, which respondent assessed.  Because petitioner paid only $0.58 of the reported liability, respondent also assessed interest, an addition to tax under section 6651(a)(2) for failure to pay tax, and an addition to tax under section 6654(a) for failure to pay estimated tax.  Notice and demand for payment was sent to petitioner on November 9, 1998.

On or about August 18, 1999, petitioner filed with respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1998.  On the return, petitioner reported adjusted gross income of $79,219 and a tax liability of $14,429, which respondent assessed.  Because petitioner paid only $138 of the reported liability, respondent also assessed interest, an addition to tax under section 6651(a)(2) for failure to pay tax, and an addition to tax under section 6654(a) for failure to pay estimated tax.  Notice and demand for payment was sent to petitioner on September 20, 1999.

B.  Post-assessment Payments Made by Petitioner

In 2000 and 2001, petitioner made a total of 4 payments in the aggregate amount of $4,953.42 toward his unpaid liability for 1997.

In 2001, petitioner made a single payment in the amount of $103 toward his unpaid liability for 1998.

As of April 20, 2001, the unpaid balance of petitioner's assessed liability was as follows:

|        | Unpaid Balance of Assessment |
| Year   |  |
|--------|------------------------------|
| 1997   | $9,833.66                    |
| 1998   | 15,768.19                    |
|        | 25,601.85                    |

C.  Notice of Federal Tax Lien

On April 26, 2001, respondent filed a notice of Federal tax lien with the County Clerk of Fort Bend County in Richmond, Texas, in respect of petitioner's outstanding tax liabilities for 1997 and 1998.  Thereafter, on May 1, 2001, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, which petitioner received no later than May 4, 2001.

D.  Petitioner's Request for a Hearing

On May 4, 2001, petitioner filed with respondent Form 12153, Request for a Collection Due Process Hearing, in respect of his tax liabilities for 1997 and 1998.  In his request for a hearing, petitioner stated that he did not agree with the filed notice of

Federal tax lien because:

> Lien will put me out of business.  Also working on obtaining a loan to pay off balance of $25,601.85. Payments have been made.

E.   The Appeals Office Hearing

On July 24, 2001, petitioner attended an administrative hearing conducted by an Appeals officer from respondent's Appeals Office in Houston, Texas.

At the hearing,[2] petitioner did not challenge the underlying tax liability for either 1997 or 1998.  Rather, petitioner expressed concern that the notice of Federal tax lien would negatively affect both his business and his ability to borrow. In this regard, petitioner indicated that his financial situation was not strong and that he had not been successful in obtaining financing to satisfy his outstanding Federal tax liabilities. The possibility of entering into an installment agreement or filing an offer in compromise was discussed; however, because of petitioner's continuing failure to pay estimated tax and to be current in his Federal tax obligations, the Appeals officer indicated that it would not be possible to pursue either of those alternatives.

---

[2]  Our findings for this paragraph are based on the Appeals officer's Case Memorandum.  Petitioner has not challenged or otherwise questioned any of the statements of fact appearing in that memorandum.

F. Respondent's Notice of Determination

On August 9, 2001, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to his tax liabilities for 1997 and 1998. In the notice, the Appeals Office concluded:

> the Notice of Filing of a Federal Tax Lien was legally and procedurally correct. There exists no basis for withdrawal of the Notice.

G. Petitioner's Petition

On September 13, 2001, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[3] In the petition, there are no assignments of error or allegations of fact other than the terse statement that petitioner disagrees with "Penalties + Interest".

H. Respondent's Motion For Summary Judgment

As stated, respondent filed a Motion For Summary Judgment. Respondent contends that the petition contains nothing other than a challenge to the underlying liability (for interest and additions to tax), but that petitioner is precluded from pursuing such a challenge because he failed to raise that issue in the administrative hearing before the Appeals officer.

---

[3] At the time that the petition was filed, petitioner resided in Houston, Texas.

Petitioner did not file an objection to respondent's motion.

Respondent's motion was called for hearing at the Court's motions session in Washington, D.C.  Counsel for respondent appeared and presented argument in support of the pending motion. In contrast, there was no appearance by or on behalf of petitioner, nor did petitioner file a statement pursuant to Rule 50(c), the provisions of which were noted in the Court's order calendaring respondent's motion for hearing.

Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when demand for payment of that person's liability for taxes has been made and the person fails to pay those taxes.  The lien arises when the assessment is made.  Sec. 6322.  Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  Behling v. Commissioner, 118 T.C. 572, 575 (2002).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323.  The notice required by section 6320 must be provided not more than 5 business days after the day the notice of lien is filed.  Sec. 6320(a)(2).  Section 6320 further provides that the person may

request administrative review of the matter (in the form of an Appeals Office hearing) within the 30-day period beginning on the day after the 5-day period described above. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Goza v. Commissioner, 114 T.C. 176, 180-181 (2000); see Sego v. Commissioner, 114 T.C. 604, 609 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or Federal District Court.

In his petition, petitioner failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4); see Behling v. Commissioner, 118 T.C. at 579. Indeed, the only disagreement expressed by petitioner in his petition

relates to "Penalties + Interest".  We question whether this terse assertion constitutes a challenge to the underlying tax liability sufficient to raise a justiciable issue for decision by this Court.  However, we need not so decide because the fact of the matter is that petitioner did not challenge the underlying tax liability for either 1997 or 1998 at the administrative hearing.  Accordingly, under the circumstances present herein, petitioner is precluded from doing so in the instant proceeding. Sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001); see also sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).  We are unable to identify any special circumstances in the instant proceeding that might cause us to depart from this view.

In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated August 9, 2001.

In order to give effect to the foregoing,

An order granting respondent's motion and decision for respondent will be entered.