T.C. Memo. 2003-117

UNITED STATES TAX COURT

RAYMOND BOURBEAU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6898-02L.                    Filed April 22, 2003.

Raymond Bourbeau, pro se.

D. Sean McMahon, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion for summary judgment and to impose a penalty
under I.R.C. section 6673[1] (motion for summary judgment).

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and  all Rule references are to the
Tax Court Rules of Practice and Procedure.

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be entered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Background

Petitioner filed his 1996, 1997, and 1998 Federal income tax returns on April 15, 1997, August 18, 1998, and April 15, 1999, respectively.  Petitioner did not make any payments when he filed his returns.  Based on petitioner's returns for 1996, 1997, and 1998, respondent assessed the following amounts:

| Year | Tax | Addition to Tax for Failure to Pay Estimated Tax | Addition to Tax for Failure to Pay | Interest | Assessment Date |
|------|------|------|------|------|------|
| 1996 | $13,284 | $707 | $132.84 | $158.14 | 06-02-1997 |
| 1997 | 12,634 | 681 | 379.02 | 448.00 | 09-21-1998 |
| 1998 | 16,141 | 339 | 96.16 | 82.54 | 05-24-1999 |

From November 1998 through March 2000, petitioner made 13 payments totaling $8,058 that respondent applied to petitioner's outstanding tax liability for 1996.  Respondent also applied an "overpaid credit" from 1995 to petitioner's outstanding tax

liability for 1996. Additionally, respondent applied "estimated tax declarations" to petitioner's outstanding tax liability for 1998 on April 16, 1998, June 16, 1998, September 17, 1998, and February 20, 1999.

On or about February 24, 2001, respondent filed a Notice of Federal Tax Lien (tax lien) regarding petitioner's income tax liabilities for 1996, 1997, and 1998 at the U.S. District Court in Boston, Massachusetts. The tax lien listed the following amounts owed as of the date of the tax lien:

| Tax Period | Type of Tax | Amount Owed |
|------------|-------------|-------------|
| 1996 | 1040 | $5,722.77 |
| 1997 | 1040 | 14,142.02 |
| 1998 | 1040 | 10,133.70 |

On March 1, 2001, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (hearing notice) regarding his income tax liabilities for 1996, 1997, and 1998.

Petitioner submitted a Form 12153, Request for a Collection Due Process Hearing (hearing request), regarding his 1996, 1997, and 1998 tax years that respondent treated as being timely submitted. In his explanation of why he did not agree with the tax lien, petitioner stated:

> I had no income for tax years 1996, 1997, 1998 that is not exempt, eliminated, or excluded from gross income. I understand that this may conflict with third party reports which you may have in your files. Further, whether or not I am required to file a tax return and pay a tax is a factual matter for a trier of fact to

> determine.  In order for a trier of fact to make a
> determination there must be a trial at which evidence
> and testimony is [sic] presented.  As of this date
> there has been no trial and no trier of fact has made
> any determination.  An employee of the IRS is not a
> trier of fact and cannot make a determination as to
> whether or not I am required to file a return and pay a
> tax.  For additional [sic] see the response letter
> attached hereto and made a part hereof.

Petitioner included with his hearing request a three-page letter containing frivolous arguments.

On February 11, 2002, Appeals Officer Maureen Jenkins sent petitioner a letter informing him that an Appeals Office hearing (hearing) was scheduled for his case on February 26, 2002, at the Appeals Office in Boston, Massachusetts.

On February 26, 2002, petitioner attended the hearing. Appeals Officer Jenkins and Appeals Team Manager Gene Peschier were present at the hearing.  Petitioner and respondent recorded the hearing, and a court reporter transcribed the hearing.  At the hearing, petitioner called his "adviser", Thomas Smith (who was in Utah), twice on petitioner's cell phone.  Petitioner repeatedly asked Appeals Officer Jenkins and Appeals Team Manager Peschier to show him the delegation of authority from the Secretary authorizing Appeals Officer Jenkins and Appeals Team Manager Peschier to conduct the hearing.  Petitioner did not raise any other issues or arguments at the hearing.

At the hearing, Appeals Officer Jenkins reviewed petitioner's administrative file and transcripts of account for

the years in issue, and she verified that all applicable laws and administrative procedures had been met. Appeals Officer Jenkins also provided petitioner copies of his transcripts of account for the years in issue. Appeals Officer Jenkins provided petitioner several opportunities to raise issues other than the delegation of authority, including collection alternatives (such as an installment agreement or an offer-in-compromise). Petitioner stated that he was not interested in discussing collection alternatives and that he wanted to terminate the hearing. Respondent acceded to petitioner's wishes, and the hearing ended.

On March 18, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to petitioner regarding his 1996, 1997, and 1998 tax years. In the notice of determination, respondent determined that (1) prior to the filing of the tax lien, all statutory, administrative, and procedural requirements had been met, (2) no viable collection alternatives were established, and (3) the tax lien was not considered to be overly intrusive.

On March 27, 2002, respondent mailed petitioner certified certificates of assessments, payments, and other specified matters for the years in issue.

On April 1, 2002, petitioner timely filed an imperfect petition for lien or levy action under Code section 6320(c) or

6330(d) seeking review of respondent's determination to proceed with collection of petitioner's 1996, 1997, and 1998 tax liabilities.

On April 2, 2002, the Court ordered petitioner to file a proper amended petition on or before April 30, 2002. Attached to the order were our Rules pertaining to lien and levy actions.

On May 6, 2002, petitioner filed an amended petition for lien or levy action under Code section 6320(c) or 6330(d). Attached to the amended petition are, among other things, a transcript of the hearing and copies of petitioner's transcripts of account for the years in issue.

On February 21, 2003, respondent filed the motion for summary judgment. Attached as exhibits to the motion for summary judgment, among other things, are the transcript of the hearing and transcripts of petitioner's accounts for 1996, 1997, and 1998.

On February 24, 2003, the Court ordered petitioner to file a response to respondent's motion for summary judgment on or before March 14, 2003. Petitioner did not file a response to respondent's motion for summary judgment.

Discussion

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section

6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

The petition in this case is an eight-page document filled with frivolous and groundless arguments. It is unclear in the petition whether petitioner raises the issue of his underlying liabilities. If he did, petitioner is precluded from challenging his underlying tax liabilities in the instant proceeding because he did not challenge them at the hearing. Tabak v. Commissioner, T.C. Memo. 2003-4; see Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001); sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see also sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

Where the validity of the underlying tax liability is not properly in issue, we review respondent's determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner appears to argue that at the hearing he was not provided documents demonstrating that the verification requirement of section 6330 had been met. At the hearing, the Commissioner is not required to provide the taxpayer with a copy of verification that the requirements of any applicable law or

administrative procedure has been met.  Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).  In any event, respondent gave petitioner copies of his transcripts of account for the years in issue at, and subsequent to, the hearing.

We have repeatedly held that the Commissioner may rely on transcripts of account to satisfy the verification requirement of section 6330(c)(1).  E.g., Eiselstein v. Commissioner, T.C. Memo. 2003-22.  Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account.  Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48.  Accordingly, we hold that the verification requirement of section 6330(c)(1) has been satisfied.  Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner claims in the petition that he was not accorded a hearing that complied with section 6330 because as part of the hearing he was not able to summon witnesses, cross-examine witnesses, conduct discovery, examine documents, or obtain evidence from respondent.  We have repeatedly held that section 6330 hearings are informal, and that the compulsory attendance of witnesses or production of documents is not required.  Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, supra at 41-42.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the petition, petitioner raised frivolous arguments and contentions that we have previously rejected and which we conclude were interposed primarily for delay.[2] This has caused

---

[2] In the case at bar, petitioner appears to be following a strategy similar to the one provided to him at the hearing by Thomas Smith. Although these frivolous arguments may have been provided by Mr. Smith, it was petitioner's choice to follow this bad advice, and petitioner must face the consequences of his actions.

the Court to waste its limited resources.  Accordingly, we shall impose a penalty of $5,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.