T.C. Memo. 2004-8

UNITED STATES TAX COURT

JOHNNIE L. TILLMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11709-02L.          Filed January 6, 2004.

Johnnie L. Tillman, pro se.

James A. Kutten, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  This proceeding was commenced in response to
a Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The issue for decision is whether
there was an abuse of discretion in rejecting petitioner's offer
to compromise for $100 petitioner's unpaid Federal income tax
liabilities for 1993, 1994, and 1995 exceeding $13,000 and

instead determining that the account should be treated as "currently not collectible (CNC)"; the account should be revisited when petitioner's income exceeds $35,000; and "levies will not be pursued." Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Missouri at the time the petition was filed. On December 19, 1996, petitioner executed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax, consenting to additional income tax assessments for 1993, 1994, and 1995. The additional taxes were assessed on February 17, 1997. On July 15, 2000, the Internal Revenue Service (IRS) mailed to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing. Attached to the notice was a schedule showing then unpaid balances of $1,566.69 for 1993, $5,901.55 for 1994, and $5,693.97 for 1995.

Petitioner requested a hearing under section 6330, designating Frank L. Zerjav (Zerjav), C.P.A., as his representative. In August 2000, petitioner submitted to the IRS a Form 656, Offer in Compromise, in which he offered to pay the total of $100 in satisfaction of his liabilities for 1993, 1994, and 1995. On February 26, 2001, Appeals Officer James B. Wallace

(Wallace) wrote to Zerjav suggesting that Zerjav contact Wallace to arrange a mutual date and time for the hearing to be conducted with respect to petitioner's liability. On October 16, 2001, Wallace sent to Zerjav a letter requesting completion of an offer in compromise package, including financial information. On December 5, 2001, Wallace wrote to Zerjav scheduling a hearing for January 15, 2002.

On January 14, 2002, Wallace received from Zerjav various information concerning petitioner's finances. In a telephone conversation on January 14, 2002, Zerjav advised Wallace that petitioner wanted to pursue an offer in compromise. No person-to-person hearing took place on January 15, 2002.

Appeals Officer Wallace reviewed the financial information submitted by petitioner. He considered petitioner's income and the income of petitioner's mother, because petitioner's mother lived with petitioner and was supported in part by petitioner. Wallace concluded that, after allowable expenses, petitioner could pay $82 per month toward his tax liability. In a letter dated February 28, 2002, Wallace proposed three alternatives: (1) A cash offer of $3,936 (computed as 48 months multiplied by $82 per month); (2) a short-term deferred payment offer of $4,920, payable over 2 years (60 months multiplied by $82 per month); and (3) a deferred payment offer of $6,888 (84 months multiplied by $82 per month). Wallace's proposals were based on

allowing all of the expenses claimed by petitioner in his financial forms and were calculated in accordance with the IRS Manual. Petitioner did not accept any of Wallace's proposals.

On March 8, 2002, Wallace wrote to Zerjav suggesting a resolution of the section 6330 proceeding, wherein collection of petitioner's 1993, 1994, and 1995 income tax liabilities would be held in suspense until petitioner's income exceeded $35,000 per year. Petitioner did not accept that proposal. On May 29, 2002, Wallace met with Zerjav and discussed collection alternatives. Zerjav insisted on an offer in compromise in the amount of $100 and offered no other collection alternatives.

On June 11, 2002, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to Zerjav as petitioner's representative. The determination was summarized as follows:

> The decision by Appeals is that this account is to be placed in currently not collectible (CNC) status based on the taxpayer's current financial situation. The taxpayer's account should be revisited when his income exceeds $35,000. As a result of this action, levies will not be pursued.

The petition in this case disputed consideration of petitioner's mother's income by the Appeals officer and other details of the Appeals officer's analysis and complained of the lack of "independent review" of the rejection of the offer in compromise. The petition also alleged:

   h) The entire offer consideration process was conducted by the Appeals Division which further violates the intent of Congress under the IRS Restructuring and Reform Act of 1998 (the Act) to the extent petitioner has been denied independent review of the rejected offer as required under the Act.

   5. Petitioner has at all times acted in good faith in connection with his tax affairs. Therefore denial of an offer that would give him a "fresh start" is misplaced. Moreover, no alternatives such as income collateral agreements were made available to either the Petitioner or his representative prior to issuance of the rejection.

After the case was set for trial, respondent filed a Motion for Summary Judgment. Although petitioner was ordered to serve on respondent and file with the Court a written response to the Motion for Summary Judgment, he failed to do so. However, when the case was called for hearing on the Motion for Summary Judgment, petitioner was permitted to present the testimony of Zerjav as a means of explaining his position. See Rule 121(b), (d).

   Zerjav testified:

   Our firm represents not only Mr. Tillman but literally hundreds of other folks who have sought relief--tax relief through an offer in compromise program. In this particular instance, a collection action, a collecting hearing, due process was requested. And the process of evaluating suitability for an offer in compromise was handled not by an offer specialist but, rather, by the appeals officer assigned to the case.

Allegations of error in the petition in this case, apparently prepared by Zerjav, are identical to those in at least one other

petition in this Court.  See Chandler v. Commissioner, T.C. Memo. 2004-7 (filed this date).

## Discussion

The primary dispute in this case arises from an apparent misunderstanding by petitioner and his representative of the effect of sections 6320 and 6330.  Sections 6320 (pertaining to liens) and 6330 (pertaining to levies) were enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, to provide new procedural protections for taxpayers in collection matters. Section 6330 generally provides that the Commissioner may not proceed with a collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter. The statute specifically provides that "such hearing shall be held by the Internal Revenue Service Office of Appeals."  Sec. 6330(b)(1).  A taxpayer is entitled to only one hearing with respect to the taxable period involved in the proposed lien or levy.  Sec. 6330(b)(2).  If the taxpayer is dissatisfied with the determination made after the hearing, judicial review of the determination, such as that sought in this case, is available. See generally Goza v. Commissioner, 114 T.C. 176, 179-181 (2000).

Section 6330(c) specifies the matters considered at the hearing.  In this case, there is no dispute that the requirements

of applicable laws and procedures regarding the assessment have been met, sec. 6330(c)(1), and there is no dispute with respect to the underlying tax liability, sec. 6330(c)(2)(B).  We review respondent's determination for abuse of discretion.  Goza v. Commissioner, supra at 182.  Section 6330(c)(2)(A) provides:

>        (A) In general.--The person may raise at the
> hearing any relevant issue relating to the unpaid tax
> or the proposed levy, including--
>
>            (i) appropriate spousal defenses;
>
>            (ii) challenges to the appropriateness of
>     collection actions; and
>
>            (iii) offers of collection alternatives,
>     which may include the posting of a bond, the
>     substitution of other assets, an installment
>     agreement, or an offer-in-compromise.

The only collection alternative offered by petitioner during the process before Appeals was an offer in compromise for $100.

Petitioner complains that there was no review within the Appeals Office and that there was an abuse of discretion by the Appeals officer in not referring the offer in compromise evaluation to IRS collection personnel.  In some cases, assistance from revenue officers may be sought.  See, e.g., Van Vlaenderen v. Commissioner, T.C. Memo. 2003-346.  Petitioner does not, however, have a right under section 6330 to more than one hearing or to a hearing before anyone other than the Office of Appeals.  Sec. 6330(b).

We infer that the failure to eliminate petitioner's total liability for the 3 years in issue by a single payment of $100, a result that petitioner's representative had achieved in other cases, led to the pursuit of this proceeding in response to what otherwise would be regarded as a favorable determination. Petitioner has not offered, nor have we found in the record, any reason why the determination to suspend collection and not to pursue levies is an abuse of discretion. That his representative achieved a $100 compromise of liabilities in other cases is irrelevant. We conclude that the material facts are not in dispute and that respondent is entitled to judgment as a matter of law.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.