T.C. Memo. 2004-7

UNITED STATES TAX COURT

DEAVRAH M. CHANDLER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11710-02L.          Filed January 6, 2004.

Deavrah M. Chandler, pro se.

James A. Kutten, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  This proceeding was commenced in response to
a Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The issue for decision is whether
there was an abuse of discretion in rejecting petitioner's offer
to compromise for $100 petitioner's unpaid Federal income tax
liabilities for 1997 and 1998 exceeding $13,600.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Texas at the time the petition was filed. Petitioner filed her 1997 Federal individual income tax return on October 21, 1999. On December 13, 1999, the tax liability reflected on that return was assessed in the amount of $16,502. Petitioner's tax liability was partially offset by Federal income tax withholding, and late filing and failure to pay additions to tax and interest were assessed. Subsequently, overpayments from 1999 and 2000 were applied to petitioner's 1997 tax liability.

Petitioner filed her 1998 Federal income tax return on February 9, 2001. On March 5, 2001, the tax liability reflected on that return was assessed in the amount of $21,244. Petitioner's tax liability was partially offset by Federal income tax withholding, and late filing and failure to pay additions to tax and interest were assessed. As of September 9, 2001, the total amount owing on petitioner's Federal income tax liabilities for 1997 and 1998 was $14,183.24.

On September 9, 2001, respondent sent to petitioner, in care of Frank L. Zerjav (Zerjav), her authorized representative, a Final Notice - Notice of Intent to Levy and Notice of Your Right

to a Hearing. On behalf of petitioner, Zerjav submitted a Request for Collection Due Process Hearing, Form 12153. On November 7, 2001, petitioner signed a Form 656, Offer in Compromise, proposing to compromise her 1997 and 1998 Federal income tax liabilities for $100. The offer in compromise, with supporting information, was submitted to the Brookhaven Service Center in Holtsville, New York.

On February 8, 2002, an Appeals officer sent to petitioner a letter advising her that the hearing that she had requested was tentatively scheduled for February 26, 2002, but that another time for a hearing could be arranged. The letter stated:

> If you want us to consider any collection alternatives, such as an installment agreement or offer-in-compromise, please complete the enclosed financial statements. These may include Form 433-A, Collection Information Statement for Individuals and/or Form 433-B, Collection Information Statement for Businesses. Provide complete verification of your income and expenses. We must be able to review this information to determine that collection alternatives are possible.

Zerjav responded to the Appeals officer's February 8, 2002, letter. Zerjav stated that an offer in compromise had been submitted to the Brookhaven Service Center, and he requested that the hearing be rescheduled "for after the valuation currently being held with the Brookhaven Service Center." On February 14, 2002, the Appeals officer explained in a telephone conference with Zerjav that, because this was a "CDP" (section 6330

collection due process) case, the offer in compromise would be reviewed by the Office of Appeals rather than by the service center.

On March 21, 2002, the Appeals officer sent to Zerjav a letter stating that the offer in compromise had been reviewed but that additional information was needed. Additional information was submitted to the Appeals officer by Zerjav on April 23, 2002. The Appeals officer reviewed the financial information submitted by Zerjav on behalf of petitioner. She also independently researched petitioner's financial data and assets and concluded that relevant information had not been disclosed by petitioner or by Zerjav. Based on the information that she had obtained, the Appeals officer determined that petitioner could pay her entire 1997 and 1998 income tax liabilities. The Appeals officer considered petitioner's reported income for 1999, 2000, and 2001. The information relied on by the Appeals officer included information about petitioner's income for 2001, including a withdrawal of more than $100,000 from an individual retirement account and $40,000 in gross proceeds from the sale of real property, and petitioner's spouse's income tax returns.

On June 11, 2002, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to petitioner. In addition to setting forth a determination that the requirements of applicable law and administrative procedures

had been met, explanatory materials attached to the notice of determination stated the following:

### The Offer in Compromise

An offer to compromise the 1997 and 1998 income tax liabilities as to Doubt as to Collectibility was received on 12-11-2001 by the IRS. The taxpayer offered $100.00 on a liability totaling $13,688.60 as of May 6, 2002. A Form 433-A was received. Complete verification of the financial statement was not received by Appeals. The financial statement was not accurate. Initial review of the information that was received indicated a net realizable equity in assets of more than $44,719. The household income for 2001 was determined to be an average of $12,438.00. Her allowable expenses were determined to be $4,754. The taxpayer has sufficient assets to full pay and also has the ability to make monthly payments in order to full pay. Because she can full pay, she does not qualify for an offer in compromise. Therefore, an offer in compromise is not currently a viable alternative.

The petition in this case asserted:

3. The collection action as determined by the Commissioner is for income taxes for the calendar years 1997 through 2001 none of which is in dispute. The Petitioner seeks relief under the Offer in Compromise OIC program.

Only the calendar years 1997 and 1998 are involved in this proceeding, however. Among the errors alleged by petitioner in the petition were quarrels with the Appeals officer's computation of petitioner's ability to pay and the absence of "independent review". Specifically, the petition alleges:

h) The entire offer consideration process was conducted solely by the Appeals Division which further violates the intent of Congress under the IRS Restructuring and Reform Act of 1998 (the Act) to the extent Petitioner has been denied the opportunity of an

independent review of the rejected offer as required under the Act.

* * * * * *

5. Petitioner has at all times acted in good faith in connection with her tax affairs. Therefore denial of an offer that would give her a "fresh start" is misplaced. Moreover, no alternatives such as income collateral agreements were made available to either the Petitioner or her representative prior to issuance of this Determination.

After the case was set for trial, respondent filed a Motion for Summary Judgment. Although petitioner was ordered to serve on respondent and file with the Court a written response to the Motion for Summary Judgment, she failed to do so. However, when the case was called for hearing on the Motion for Summary Judgment, petitioner was permitted to testify and to present the testimony of her representative as a means of explaining her position. See Rule 121(b), (d).

Discussion

The primary dispute in this case arises from an apparent misunderstanding by petitioner and her representative of the effect of sections 6320 and 6330. Sections 6320 (pertaining to liens) and 6330 (pertaining to levies) were enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746, to provide new procedural protections for taxpayers in collection matters. Section 6330 generally provides that the Commissioner may not

proceed with collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter. The statute specifically provides that "such hearing shall be held by the Internal Revenue Service Office of Appeals." Sec. 6330(b)(1). A taxpayer is entitled to only one hearing with respect to the taxable period(s) involved in the proposed lien or levy. Sec. 6330(b)(2). If the taxpayer is dissatisfied with the determination made after the hearing, judicial review of the determination, such as that sought in this case, is available. See generally Goza v. Commissioner, 114 T.C. 176, 179-181 (2000).

Section 6330(c) specifies the matters considered at the hearing. In this case, there is no dispute that the requirements of applicable laws and procedures regarding the assessment have been met, sec. 6330(c)(1), and there is no dispute with respect to the underlying tax liability, sec. 6330(c)(2)(B). Section 6330(c)(2)(A) provides:

> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

The only collection alternative offered by petitioner during the process before Appeals was an offer in compromise for $100. No other issues were raised. We review respondent's determination for abuse of discretion. Goza v. Commissioner, supra at 182.

Petitioner asserted during the hearing on the Motion for Summary Judgment that she was faced with more than $300,000 in unpaid taxes, that she had rejected a suggestion to pursue bankruptcy as a means of avoiding her debts, and that she faced hardship in paying her tax liabilities. She also argued that the information submitted with the offer in compromise was out of date and that she was prepared to update the information to establish her inability to pay.

Petitioner apparently is seeking relief from taxes for other years that are not involved in the proposed levy and the determination that is the basis of this proceeding. This case involves only unpaid liabilities for 1997 and 1998, totaling approximately $13,600, and not petitioner's total outstanding tax obligations. In any event, petitioner's claims of current financial hardship cannot be considered in this proceeding because they were not raised before the Appeals officer. See Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).

Through the testimony of her representative, petitioner also attempted to raise a dispute with the facts set forth in respondent's Motion for Summary Judgment concerning whether

petitioner would have been amenable to collection alternatives other than the $100 offer in compromise that she had submitted. The statute, however, contemplates that the taxpayer raise at the hearing relevant issues, including offers of collection alternatives. Sec. 6330(c)(2)(A)(iii). The statute requires the Appeals officer only to consider the "offers of collection alternatives" raised and information presented by the taxpayer. See, e.g., Crisan v. Commissioner, T.C. Memo. 2003-318; Willis v. Commissioner, T.C. Memo. 2003-302; O'Brien v. Commissioner, T.C. Memo. 2003-290; Schulman v. Commissioner, T.C. Memo. 2002-129. It does not require continuous negotiation. In reviewing the determination made by the Appeals Office, we are limited to reviewing the information that petitioner presented. Having reviewed the financial data in the record, we conclude that it was not an abuse of discretion to reject the $100 offer in compromise.

Petitioner also complains that there was no review within the Appeals Office and that there was an abuse of discretion by the Appeals officer in not referring the offer in compromise evaluation to IRS collection personnel, with whom petitioner's representative had experience. In some cases, assistance from revenue officers may be sought. See, e.g., Van Vlaenderen v. Commissioner, T.C. Memo. 2003-346. Petitioner does not have a right under section 6330, however, to more than one hearing or to

a hearing before anyone other than the Office of Appeals.  Sec. 6330(b).

We conclude, therefore, that the matters disputed by petitioner are not material, that the material facts are not in dispute, and that respondent is entitled to judgment as a matter of law.

<u>An appropriate order and</u>

<u>decision will be entered.</u>