T.C. Memo. 2007-161



UNITED STATES TAX COURT



LARRY BRUCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 24303-05L.            Filed June 21, 2007.



    Respondent filed a Notice of Federal Tax Lien against
P for the unpaid balance of his Federal income taxes for
2003.  After notice to P and a hearing, R's settlement
officer issued a notice of determination upholding the
proposed collection action.  R moved for summary judgment on
all issues.


    <u>Held</u>: R's motion for summary judgment will be granted.
R may proceed with collection by lien.



<u>E. Kenneth Wall</u>, for petitioner.

<u>Jeffrey E. Gold</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  Petitioner asks this Court to review a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121.

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be entered as a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### Background

At the time he filed the petition in this case, petitioner resided in Lumberton, North Carolina.

Petitioner is a long-haul trucker who spends a great deal of time on the road. In 2003, he won more than $1 million dollars from a slot machine in New Jersey. Petitioner timely filed an income tax return and reported the winnings, calculating income tax due of $326,772 offset by withholding of $2,188, but paid nothing beyond the withheld amount. Respondent assessed the reported tax plus additions to tax and interest on May 31, 2004.

Respondent's revenue officer attempted negotiations to secure payment of the assessed balance to no avail. During a meeting with the revenue officer on May 10, 2005, petitioner filled out a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, but did not provide any supporting documentation. Ignoring requests and suggestions by respondent's revenue officer, petitioner took no steps toward payment of his tax obligation.

Respondent sent to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing on May 10, 2005. Respondent filed a Notice of Federal Tax Lien on, or around, May 12, 2005, and sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 on May 19, 2005. Petitioner mailed requests for Appeals hearings on June 10, 2005. The mailing was timely with respect to the lien notice, but not with respect to the levy notice. Attachments to

the hearing requests, prepared by petitioner's representative, stated that petitioner was working on an offer-in-compromise (OIC) to resolve his tax liability.

By letter dated October 11, 2005, respondent's settlement officer informed petitioner that his request for a hearing was timely and scheduled a telephone conference for November 1, 2005. In response to petitioner's mention of an OIC in the hearing request, the settlement officer also requested a completed Form 433-A, with required attachments, copies of petitioner's 2004 Federal and State income tax returns, and a Form 656, Offer in Compromise, with the required processing fee. The settlement officer asked that this information be submitted within 14 days to allow time for review before the telephone conference. Petitioner never forwarded an OIC, the necessary financial information, or any other documentation.

Neither petitioner, nor his representative, ever confirmed the hearing or otherwise corresponded with the settlement officer with respect to the scheduled hearing. Nevertheless, a telephone conference in which petitioner's representative participated was conducted on November 1, 2005, as initially scheduled. On December 2, 2005, the settlement officer issued a determination sustaining the Federal tax lien filing.

Petitioner filed the petition on December 27, 2005. In it, petitioner stated that he was appealing the notice of determination and wanted a redetermination of the additions to tax. The only specifically listed errors, as required by Rule 331, were: (1) That petitioner was denied his right to a fair hearing; (2) that the filing of the Notice of Federal Tax Lien was erroneous; and (3) that the balance due on the Notice of Federal Tax Lien was erroneous.

## Discussion

Respondent moved for summary judgment on all issues pursuant to Rule 121. Summary judgment is intended to expedite litigation and avoid unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted if there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. See Rule 121(b); Electronic Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). The moving party bears the burden of showing that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Bond v. Commissioner, 100 T.C. 32, 36 (1993); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The party opposing summary judgment must set forth specific facts which show that a genuine question of material fact exists and may not

rely merely on allegations or denials in the pleadings. <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Section 6321 creates a lien in favor of the United States on all property and rights to property belonging to a person liable for taxes when payment has been demanded and neglected. The lien arises by operation of law when the Internal Revenue Service (IRS) assesses the amount of unpaid tax. Sec. 6322. The IRS files a Notice of Federal Tax Lien to preserve priority and put other creditors on notice. See sec. 6323.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a lien under section 6323. This notice must be provided not more than 5 business days after the day the notice of lien is filed and must advise the taxpayer of the opportunity for administrative review in the form of a hearing. Sec. 6320(a)(2). Sec. 6320 further provides that the taxpayer may request a hearing within the 30-day period beginning on the day after the 5-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

A taxpayer may raise any relevant issue at the hearing, including challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which

may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A). The Appeals officer must consider those issues, verify that the requirements of applicable law and administrative procedures have been met, and consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person [involved] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C).

After the Appeals hearing process, section 6330 gives this Court jurisdiction to review the Appeals officer's determination. Where the underlying tax liability is properly at issue, we review the Appeals determination with respect to the existence and amount of tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When the underlying tax liability is not properly at issue, we review the Appeals officer's determination using an abuse of discretion standard. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

At the hearing, a taxpayer may challenge the existence and amount of the underlying tax liability if he or she received no notice of deficiency or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). A self-reported tax liability along with statutory penalties and interest

constitute an "underlying tax liability" and may be the proper subject of challenge at the hearing. See Montgomery v. Commissioner, 122 T.C. 1, 8 (2004).

In the case before us, petitioner would have been entitled to challenge his self-reported tax liability. However, it is arguable whether petitioner raised the issue of his underlying tax liability in his imprecise petition. In any event, petitioner is precluded from challenging his underlying tax liability in the instant proceeding because he did not challenge it at the administrative hearing. Bourbeau v. Commissioner, T.C. Memo. 2003-117; Tabak v. Commissioner, T.C. Memo. 2003-4; see Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001); sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see also sec. 6330(c) and (d).

Petitioner's Form 12153, Request for a Collection Due Process Hearing, indicated that the amount of the self-reported tax liability was disputed; however, petitioner's representative stated at the hearing that no such challenge to the amount of assessment existed. Accordingly, in this proceeding we do not consider petitioner's underlying tax liability. For this reason we do not address petitioner's argument regarding abatement of the section 6651 failure to pay addition to tax based on reasonable cause, which first surfaced in petitioner's objection to respondent's motion for summary judgment.

Since the underlying tax liability is not at issue, we review the Appeals officer's determination using the abuse of discretion standard. Under this standard, a determination will be affirmed unless action was taken that was arbitrary or capricious, lacks sound basis in fact, or is not justifiable in light of the facts and circumstances. Freije v. Commissioner, 125 T.C. 14, 23 (2005).

Petitioner broadly assigned error to a denial of his right to a fair hearing. Based on the information before us and the arguments in his opposition to summary judgment, we believe his primary contention to be that the Appeals officer abused her discretion by failing to recommend any collection alternatives in lieu of the Federal tax lien. In his opposition to summary judgment, petitioner presents a laundry list of collection alternatives that he believes would have been appropriate. However, the Appeals officer is only required to consider the "offers of collection alternatives" raised and information presented by the taxpayer. Chandler v. Commissioner, T.C. Memo. 2004-7. The only collection alternative even remotely pursued by petitioner at the Appeals hearing was an offer-in-compromise. However, petitioner's attempt at securing an OIC was weak at best. See discussion below. Therefore, it was not an abuse of discretion for respondent's settlement officer to decline to give more consideration to the matter than she did.

Petitioner's representative indicated in an attachment to the Form 12153, request for a hearing, dated June 10, 2005, that petitioner was working on an OIC at the time. Even assuming petitioner's representative reiterated a desire to enter into an OIC at the hearing, the settlement officer did not abuse her discretion by sustaining the Notice of Federal Tax Lien filing.

Petitioner never actually submitted an OIC or any other collection alternative at the telephone hearing on November 1, 2005, 5-1/2 months after the notice of lien and almost 5 months after stating he was working on an OIC in his request for a hearing. Petitioner's representative indicated at the hearing that petitioner was aware of the consequences of not cooperating during the Appeals process. Petitioner did not submit a reviewable OIC or any other current financial information before the determination was made on December 2, 2005, 31 days after the hearing.

The only information concerning petitioner's ability to pay was the Form 433-A, that had been in respondent's file since respondent's revenue officer was attempting collection, almost seven months before the determination. This form was poorly filled out, incomplete, and did not have any supporting

documentation attached.  Further, the information was not current and was grossly insufficient to permit reasonable consideration of an OIC.

There is no abuse of discretion in failing to consider an OIC, when no OIC has been made after a taxpayer has been given a reasonable opportunity to submit one.  <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 79 (2005).  Petitioner had adequate opportunity to make an OIC but did not and, therefore, there were no less intrusive means of collection for the Appeals officer to consider.  Consequently, the settlement officer considered each item required by section 6330 and reached the determination that the filing of the notice of lien was appropriate.

Furthermore, the information in the Form 433-A weighed dramatically against the appropriateness of respondent's accepting an OIC.  Petitioner listed $5,000 per month in income with $2,725 per month in expenses.  (Petitioner indicated that these expenses were for himself and his girlfriend.  While the allowance of all of these expenses is questionable at the very least, we include all of them for illustration.)  Petitioner valued his assets as: over $4,000 in a checking account, a house worth $80,000, "nice furniture" worth $100,000, a Peterbilt sleeper cab worth $100,000, a utility trailer worth $65,000, and a pickup truck worth $53,000.  Petitioner owned all of these assets free and clear, with no encumbrances.  The Form 433-A

showed that petitioner had no other debt. Petitioner, who early in the collections stage had more than $400,000 in net worth and more than $2,000 per month in disposable income, was seeking leniency for not paying taxes on his million dollar gambling winnings. Under these facts and circumstances, it was not an abuse of discretion for respondent's settlement officer to sustain the filing of the Notice of Federal Tax Lien.

We briefly address petitioner's assignment of error that respondent erroneously filed the Notice of Federal Tax Lien. No facts in the petition indicate any basis for this assertion, but petitioner's opposition to summary judgment reveals his view that respondent sent the notification letter late; i.e., beyond the 5-business-day period as provided in section 6320, and therefore, the lien is invalid. In support of his view, petitioner points out that the Notice of Federal Tax Lien shows the date the document was prepared and signed as May 11, 2005. According to petitioner, since the notification of the lien filing was not mailed to him until May 19, 2005, 6 business days later, the lien is invalid, and it was an abuse of discretion for respondent to sustain the lien filing.

We disagree that May 11, the date the lien notice was prepared and signed, has any consequence in this case. The notice of lien sent to petitioner, the statement of the Appeals officer, and the Appeals Case Memorandum referral all say that

the revenue officer filed the lien on May 12, 2005. Petitioner's transcript of account and certified Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, both show the notice of lien as filed on May 13, 2005.

Regardless of which of the two aforementioned dates, May 12 or May 13, was the one on which the lien notice was actually filed, respondent's mailing of the notice to petitioner on May 19, does not give rise to an abuse of discretion. In cases where notice to the taxpayer was at issue, we have said that proper mailing and receipt were irrelevant when a hearing was timely requested within the prescribed 30-day period that begins to run on the day after the fifth business day following the filing of the notice of lien. See Call v. Commissioner, T.C. Memo. 2005-289, affd. 99 AFTR 2d 2007-2526, 2007-1 USTC par. 50,492 (9th Cir. 2007); Stein v. Commissioner, T.C. Memo. 2004-124. In those situations, we viewed the error in a notice as harmless and not resulting in an abuse of discretion that would prevent us from sustaining the lien. See Call v. Commissioner, supra; Stein v. Commissioner, supra. The same logic applies to the facts of this case. Respondent received petitioner's hearing request on June 13, 2005, which falls well within the 30-day period described in section 6320 whether the Notice of Federal Tax Lien was filed on

May 11, 12, or 13.  Thus, the date the lien notice was prepared and signed has no significance and does not bear on whether there was an abuse of discretion in this case.

Based upon the record before us, we have determined that there is no genuine issue of material fact.  We hold that the settlement officer's determination sustaining the Notice of Federal Tax Lien filing was not an abuse of discretion.  We therefore shall grant respondent's motion for summary judgment.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

<u>An appropriate order and decision will be entered for respondent</u>.