T.C. Summary Opinion 2007-147

UNITED STATES TAX COURT

PEARLENA WALLACE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7256-06S.                    Filed August 23, 2007.

Pearlena Wallace, pro se.

<u>Stephen R. Doroghazi</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This section 6330(d)[1] case
was heard pursuant to the provisions of section 7463.  Pursuant
to section 7463(b), the decision to be entered is not reviewable
by any other court, and this opinion shall not be treated as
precedent for any other case.

---

[1] Section references are to the Internal Revenue Code of
1986, as amended, in effect for the relevant period.

In a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated March 21, 2006, respondent concluded that it was appropriate to collect by levy petitioner's outstanding 1995 Federal income tax liability.

The issues for decision are: (1) Whether petitioner's 1995 Federal income tax liability has been fully paid; and, if not, (2) whether petitioner is entitled to an abatement of interest and additions to tax included in that liability.

### Background

Some of the facts have been stipulated and are so found.

Taking into account an extension to file, petitioner's 1995 Federal income tax return was timely filed. On that return petitioner reported an income tax liability of $2,231, all of which is attributable to the tax on self-employment income, see sec. 1401, and none of which was paid before the return was filed.

According to respondent's records, only $231 of the $2,231 tax reported on the return was paid with the return. Consequently, interest and additions to tax, as well as the tax reported on the return, were assessed when the return was processed on November 18, 1996.

In January 1997 respondent notified petitioner that her then-outstanding 1995 liability was subject to collection by levy. For reasons not entirely clear from the record, but

perhaps having something to do with petitioner's health,[2] after correspondence with petitioner in August 1997, collection activity with respect to petitioner's 1995 tax liability was suspended until sometime in 2003.

In October 2003 respondent contacted petitioner regarding her 1995 liability, and following a series of contacts and correspondence, on March 9, 2005, respondent issued a final notice of intent to levy with respect to that liability.  In response to that notice, petitioner requested an administrative hearing.  In her request for the administrative hearing petitioner stated:

> I disagree with the Notice of Levy for the following reasons:
> 1. I do not owe taxes for 1995.
> 2. I sent the 1995 payment in the amount of $2,231 along with my tax return to the IRS at Atlanta, GA 39901, in August 1996.
> 3. An Affidavit of 1995 Payment is attached.

The affidavit referenced in her request predates the request and apparently had been submitted previously to respondent.  In that affidavit petitioner stated that the $2,231 income tax liability reported on her 1995 return was fully paid with that return.  A fair reading of the affidavit suggests that the payment was made by a check that "was sent in the same envelope as * * * [her] return."

---

[2] Petitioner was involved in some sort of accident in 1995 that resulted in her being disabled for an unspecified period.

Respondent initially scheduled a telephone hearing in response to petitioner's request. Petitioner, however, indicated that she would prefer a face-to-face hearing. In order to accommodate her preference, the place of the hearing was changed to a location more convenient to petitioner's residence. Several face-to-face hearing dates were scheduled, but petitioner, who at the time was employed by the Department of Homeland Security and assigned to assist Hurricane Katrina victims in Mississippi, was away from home and not available on any of the dates that the hearings were scheduled. Ultimately, a telephone hearing was conducted.

During the telephone hearing, petitioner took a position consistent with the position taken in her affidavit and request for an administrative hearing; i.e., the liability reported on her 1995 return was fully paid at the time the return was filed. Petitioner's entitlement to an abatement of interest or additions to tax was not considered during the administrative hearing.

The settlement officer that conducted the administrative hearing was unwilling to accept petitioner's uncorroborated claim that her 1995 tax liability was fully paid. The settlement officer asked petitioner to provide a copy of a canceled check or bank statement evidencing the payment, but petitioner explained that she could not obtain either because the bank had gone out of business or merged with a different bank. In the absence of any

documentary evidence in support of petitioner's claim, after checking whether the payment petitioner claims to have made, or any portion of it, had been applied (or misapplied) to prior years, the settlement officer, relying upon the information contained in respondent's records, rejected petitioner's claim and caused the above-referenced notice of final determination to be issued.

## Discussion

The dispute between the parties is relatively simple. Petitioner claims that she paid the liability reported on her 1995 return with a check sent to respondent with that return. Stated in technical terms, petitioner is challenging the existence of her 1995 tax liability, which, under the circumstances, she is entitled to do in this proceeding. See sec. 6330(c)(2)(B). Respondent, on the other hand, claims that only a portion of the liability reported on petitioner's 1995 return has been paid. According to respondent, it is appropriate to collect by levy the unpaid portion of that liability (plus interest and additions to tax). If the underlying liability in a proceeding such as this is properly in dispute, then we review de novo the Commissioner's determination to proceed with collection of that liability. Davis v. Commissioner, 115 T.C. 35, 39 (2000).

Consistent with the approach taken by respondent's settlement officer, rational thought suggests that the dispute between the parties is easily resolved by the production of a canceled check or other bank record evidencing the amount of the payment. In the absence of any such bank records, however, we are called upon to weigh petitioner's testimony on the point against respondent's records, which if only by implication petitioner claims to be inaccurate.

If respondent's records are inaccurate, the supposed inaccuracy surfaced in January 1997, only months after petitioner's 1995 return was filed. Then, rather than now, would have been the time to challenge those records. A timely challenge, no doubt, could have been resolved by examination of the bank records that petitioner now claims cannot be obtained.

Under the circumstances, we are more persuaded by respondent's records than petitioner's claim that her 1995 tax liability was fully paid with the filing of her 1995 return. Furthermore, because petitioner did not claim entitlement to abatements of interest and additions to tax at the administrative level, we will not entertain her claims for such relief made for the first time in this proceeding. See Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001); Bruce v. Commissioner, T.C. Memo. 2007-161; Bourbeau v.

<u>Commissioner</u>, T.C. Memo. 2003-117; <u>Tabak v. Commissioner</u>, T.C. Memo. 2003-4.

We are satisfied that in all other respects respondent has complied with the procedures contemplated by section 6330, and petitioner has in no way suggested otherwise.  It follows that respondent may proceed with collection as proposed in the above-referenced notice of determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.