T.C. Memo. 2003-318

UNITED STATES TAX COURT

JAMES J. CRISAN AND VERONICA L. CRISAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11953-02L.          Filed November 17, 2003.

James J. Crisan and Veronica L. Crisan, pro sese.

Michelle M. Lippert, for respondent.

MEMORANDUM OPINION

HAINES, Judge:  Respondent sent petitioner James Crisan (Mr. Crisan) and petitioner Veronica Crisan (Mrs. Crisan), collectively petitioners, a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of

determination).[1]  The issue for decision is whether there was an abuse of discretion in the determination that collection action could proceed for 1998 and 1999 (years in issue).

## Background

All of the facts have been stipulated.  The stipulated facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Warren, Ohio, at the time they filed the petition.  As of May 15, 2003, petitioners owed tax liabilities of $25,398 and $6,683 for 1998 and 1999, respectively, including additions to tax and interest.

The tax liabilities for the years in issue resulted from petitioners' failure to make sufficient quarterly payments of estimated taxes to cover the taxes that resulted from bonuses received by Mr. Crisan.  Petitioners proposed an installment agreement with monthly payments of $100.  Respondent rejected this proposal as "unrealistic and unreasonable" given the size of the tax liabilities.

When no installment payment amount could be agreed to by the parties, respondent issued each petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing on January 25, 2001.  On February 20, 2001, petitioners sent respondent a

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. Amounts are rounded to the nearest dollar.

Form 12153, Request for a Collection Due Process Hearing, stating:

> We are financially unable to pay this tax in full.  It would work a substantial financial hardship on us if the IRS would levy on any of our income or few assets.  We would like to be considered for an offer in compromise or payment arrangements.

After petitioners failed to attend the first scheduled meeting on March 28, 2002, the section 6330 hearing (the hearing) was rescheduled and held on April 17, 2002.  In the letter scheduling the meeting, the Appeals officer included a Form 433-A, Collection Information Statement for Individuals, which petitioners were asked to complete and bring to the hearing.

At the hearing, the Appeals officer preliminarily computed that petitioners had the ability to pay at least $1,200 per month on the basis of Mr. Crisan's income and expenses listed on the Form 433-A.  The Appeals officer also noted that Mr. Crisan might be able to settle the tax liabilities from his section 401(k) plan, but was unsure of the amount in the account.  The Appeals officer then requested that petitioners finish completing the Form 433-A, indicate the amount they are able to pay each month, and consider taking money out of Mr. Crisan's section 401(k) plan to fully pay the tax liabilities.  The requested information was due to respondent by May 20, 2002.

Petitioners submitted an updated Form 433-A, dated April 25, 2002.  On the Form 433-A, petitioners reported that Mr. Crisan is

an attorney and attached Mr. Crisan's Form W-2, Wage and Tax Statement, for 2001, which reported $119,120 of wages, tips, and other compensation.

During a telephone conversation on April 29, 2002, the Appeals officer requested again that petitioners provide an offer of a monthly installment amount to pay off the tax liabilities. On May 13, 2002, Mr. Crisan sent the Appeals officer a letter requesting a 2-week extension of time, stating that he was unable to commit to a monthly payment amount because he wanted to review his pension plan policies. Other than the proposed installment payment amount of $100 per month, petitioners never made a formal offer of an installment agreement and sent no further information or correspondence to respondent.

On June 12, 2002, respondent sent petitioners a notice of determination for the years in issue. Respondent sustained the levy action, stating:

> We have determined that no relief is to be granted in this case. You have requested that the liability at issue be resolved via an offer in compromise. However, your financial data indicate that you can satisfy the liability by liquidating assets or with an installment agreement. Your request for additional time to consider your options is unrealistic and is denied. Appeals believes that the need for efficient collection of taxes has been balanced with your concern for the intrusiveness of the proposed assessment.

Further, respondent explained:

> An offer in compromise, doubt as to collectibility is not appropriate as the taxpayers have the assets to immediately full [sic] pay the tax liability. In addition,

>the taxpayers have excess monthly income that would allow them to full [sic] pay the tax liability in full.  As such an offer in compromise is inappropriate.
>
>The file indicates that the Service has been attempting to resolve this matter with the taxpayers since July 2000.  It is now almost 2 years later and still the taxpayers need more time.  I do not feel that additional time is appropriate.

As a result of the notice of determination, petitioners filed the instant petition.

The calendar call for the Cleveland, Ohio, trial session was held on June 2, 2003.  Mrs. Crisan did not appear at the calendar call, and her default was entered.  Petitioners' motion for continuance, filed May 27, 2003, and renewed at the trial, was denied as untimely.  The Court noted the "continuous delays" caused by petitioners throughout the proceedings.  Mr. Crisan requested that he submit a trial memorandum and that the case be submitted fully stipulated.  The Court suggested that a trial be held later that afternoon in order for Mr. Crisan to place evidence, such as testimony, on the record.  Mr. Crisan refused the offer from the Court.  Mr. Crisan stated that he chose to forgo the trial by not testifying or submitting further evidence, relying solely upon the stipulations and trial memoranda.  The Court granted Mr. Crisan's request but warned Mr. Crisan that he would be unable to submit any further evidence.

## Discussion

Petitioners make three arguments regarding the notice of determination:  (1) Petitioners lack sufficient assets to satisfy the tax liabilities; (2) petitioners' offer to enter into an installment agreement was improperly rejected by respondent; and (3) respondent did not give petitioners the opportunity to make an offer in compromise.

Before a levy may be made on any property or right to property, a taxpayer is entitled to notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the Appeals Office.  Secs. 6330(a) and (b), 6331(d).  If the taxpayer requests a hearing, he may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise".  Sec. 6330(c)(2)(A).  A determination is then made which takes into consideration those issues, the verification that the requirements of applicable law and administrative procedures have been met, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary".  Sec. 6330(c)(3)(C).

Petitioners raise issues only as to collection alternatives, in that they dispute respondent's rejection of their proposed installment agreement and rejection of an offer in compromise. We review the determination for an abuse of discretion because the underlying tax liability is not at issue. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).

Respondent's rejection of petitioners' proposed installment agreement was not an abuse of discretion. Installment agreements are based upon the taxpayers' current financial condition. See 2 Administration, Internal Revenue Manual (CCH), sec. 5.19.1.5.4.1, at 18,299-50. Respondent's determination was based on the information provided to the Appeals officer by petitioners. Schulman v. Commissioner, T.C. Memo. 2002-129. At the hearing, respondent preliminarily computed a monthly payment amount of $1,200. The Appeals officer gave petitioners the opportunity to resubmit a monthly installment payment amount, to which petitioners failed to timely respond. We find that the Appeals officer could have reasonably determined that petitioners' proposed installment payment of $100 per month should be rejected on the basis of petitioners' submitted income and expense information.

Additionally, respondent's determination not to enter into an offer in compromise agreement with petitioners was not an

abuse of discretion. Section 7122(a) authorizes the Secretary to compromise any civil case arising under the internal revenue laws. The regulations set forth three grounds for the compromise of a liability: (1) Doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration. Sec. 301.7122-1T(b), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39024 (July 21, 1999); see sec. 7122(c)(1). Doubt as to liability is not at issue in the instant case.

The Secretary may compromise a liability on the ground of doubt as to collectibility when "the taxpayer's assets and income are less than the full amount of the assessed liability". Sec. 301.7122-1T(b)(3)(i), Temporary Proced. & Admin. Regs., supra. Additionally, the Secretary may compromise a liability on the ground of "effective tax administration" when: (1) Collection of the full liability will create economic hardship; or (2) exceptional circumstances exist such that collection of the full liability will be detrimental to voluntary compliance by taxpayers; and (3) compromise of the liability will not undermine compliance by taxpayers with tax laws. Sec. 301.7122-1T(b)(4), Temporary Proced. & Admin. Regs., supra; see 2 Administration, Internal Revenue Service (CCH), sec. 5.8.11.2, at 16,385-15 (taxpayer's liability may be eligible for compromise to promote effective tax administration if not eligible for compromise based

on doubt as to liability or doubt as to collectibility, and taxpayer has exceptional circumstances to merit the offer).

Petitioners argue that they lack sufficient assets to satisfy the tax liabilities. The Appeals officer reviewed petitioners' submitted financial information at the hearing and determined that an offer in compromise was not appropriate. We received as exhibits the financial information presented to the Appeals officer and find that the Appeals officer could have reasonably concluded that there are sufficient income and assets to satisfy the tax liabilities. On the basis of respondent's consideration of petitioners' information, we conclude that respondent's refusal to enter into an offer in compromise was not an abuse of discretion.

As a result, we hold that the issuance of the notice of determination was not an abuse of respondent's discretion, and respondent may proceed with collection.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.