T.C. Summary Opinion 2003-165

UNITED STATES TAX COURT

GUNTER R. AND JAY R. WALL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13998-02S.          Filed December 11, 2003.

Gunter R. Wall, pro se.

Paul J. Krazeise, Jr., for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.  This case arises from a petition for
judicial review filed in response to a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330.

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended.

The issue for decision is whether respondent may proceed with collection of tax liabilities for the year 1999.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Louisville, Kentucky, on the date the petition was filed in this case.

Petitioner husband (petitioner) currently is employed as a teacher at Indiana University Southeast and the Kentucky Community College Technical Educational System, and he teaches military classes at Fort Knox. Petitioner previously had been employed at the Sears credit card center in Louisville in addition to his teaching positions, but he no longer is employed by Sears. Petitioner wife is not employed. Both petitioners receive Social Security benefits.

Petitioners filed Federal income tax returns in each of the years 1989 through 2001. In each year the return reflected an amount due after subtracting withheld amounts from the total tax liability. Petitioners did not remit payment for the outstanding liability in any of the years. In taxable year 2001, the last year for which return information is available, petitioners reported $44,591 in wage income and $13,269 in Social Security benefits, an adjusted gross income of $56,175, and a tax liability of $5,021. Only $1,896 had been withheld from

petitioner's income for Federal taxes. Petitioners have declined to adjust the amounts being withheld from their income or make quarterly estimated tax payments. While the record is unclear as to the exact amount that petitioners now owe in taxes, additions to tax, and interest for all of the years from 1989 through 2001, the parties agree that the total amount is in excess of $50,000.

In response to initial collection attempts, petitioners submitted to respondent a statement of income and expenses. This statement included a proposed installment agreement[2] which called for a $50 monthly payment to satisfy petitioners' total outstanding tax liability.[3] On July 15, 2001, respondent mailed to petitioners, via certified mail, a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to petitioners' 1999 tax liability. The notice reflected an outstanding liability of $3,750.19 for that year. In response to this notice, petitioners filed a Request for a Collection Due Process Hearing. In this request, petitioners stated that they disagreed with the levy notice because:

---

[2]While petitioners submitted a proposal for an installment agreement, they declined to submit an offer-in-compromise in an effort to settle their total tax liability. Petitioners declined to do so in a letter which stated that petitioner "looked at the offer in compromise [forms] and can see no reasonable offer to pay off $49,100, plus the $3,293 we owe for 2001."

[3]Nothing in the record suggests that petitioners have offered a collection alternative with respect to 1999 apart from the proposed installment agreement for their total tax liability.

IRS collection will not consider expected change to income, health expenses, etc. on Form 433-F mailed on 5/24/01. IRS collection will not accept a $50.00 monthly payment "an amount we can pay" per Publication 594.

Pursuant to petitioners' request, an Appeals officer conducted two telephonic hearings with petitioner.

On July 29, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, in which respondent found the Notice of Intent to Levy for 1999 to be proper and determined that collection of the tax liabilities for that year should proceed. The notice of determination states that the following issues were raised by petitioners at the hearing:

IRS will not consider unexpected changes to income and expenses. During our conversation on 07-10-2002, I explained that if we entered into an installment agreement and subsequent to that agreement income decreased, then you should notify IRS of the change in income. The same is true for allowable expenses. If medical increased, or if you purchased a car, then the proper adjustment would be made to expenses, resulting in a decreased payment amount.

You would like to pay $50.00 monthly. As explained to you, based on your current average monthly income of $5,222 vs. allowable expenses totaling $4,324, you have the ability to pay $898 monthly. We cannot consider $50 monthly. You stated $50 is the maximum you can pay.

The notice further stated:

Collection alternatives must be considered within the guidelines and policies of the Internal Revenue Service. We do not have a provision to enter into an installment agreement for $50 monthly considering the total amount owed, $898 disposable income, and that you continue to owe each year. We suggested that you decrease the number of dependents claimed on your W-4 Form (so you won't owe each year), however, your response was that you refuse to do this.

Before a levy may be made on any property or right to property, a taxpayer is entitled to notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the Appeals office. Secs. 6330(a) and (b), 6331(d). If the taxpayer requests a hearing, he may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise". Sec. 6330(c)(2)(A). A determination is then made which takes into consideration those issues, the verification that the requirements of applicable law and administrative procedures have been met, and "whether any proposed collection of taxes balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary". Sec. 6330(c)(3)(C).

An installment agreement generally requires the payment of a tax liability in full. Sec. 6159(a). In certain cases, respondent allows taxpayers to treat tax years separately, classifying some years as "currently not collectible" while allowing other years to be paid in full under an installment agreement. Willis v. Commissioner, T.C. Memo. 2003-302.

Petitioners have not argued that any portion of their outstanding tax liability is uncollectible.

Because petitioners do not dispute the underlying tax liability, we review respondent's determination for an abuse of discretion. Sec. 6330(d); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

We find that respondent's rejection of petitioners' proposed installment agreement was not an abuse of discretion. Respondent's determination was based on the information provided by petitioners to the Appeals officer which reflected their current financial condition. See Crisan v. Commissioner, T.C. Memo. 2003-318; Schulman v. Commissioner, T.C. Memo. 2002-129. The Appeals officer reasonably could have determined, on the basis of petitioners' submitted income and expense information, that petitioners' proposed installment payment of $50 per month should have been rejected. We note that such a payment would have been far from adequate to satisfy petitioners' tax liability within the collection periods of limitation. See Willis v. Commissioner, supra. Furthermore, contrary to petitioners' assertions to the contrary, the fact that petitioners have consistently underpaid their taxes since 1989, yet have refused to adjust withholding or to begin making estimated tax payments, is also relevant to the determination of the adequacy of their offer.

The only argument that petitioners set forth in their petition is their disagreement with respondent's calculation of a reasonable installment payment. Petitioners' disagreement primarily rests on their assertions that (a) respondent overstated the amount of petitioners' income in prior years, (b) petitioners' income is subject to change due to petitioner's age and the temporary nature of his employment, and (c) petitioners' expenses are likely to increase, especially in light of certain medical expenses. We need not address the individual amounts which entered into respondent's calculation. Petitioners have maintained that they are unable to make more than a $50 monthly payment, an amount that respondent did not abuse his discretion in rejecting. We therefore hold that respondent's issuance of the notice of determination was not an abuse of discretion and respondent may proceed with collection of the tax liability by levy upon petitioners' property.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.