T.C. Memo. 2003-346

UNITED STATES TAX COURT

RANDALL G. VAN VLAENDEREN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15164-02L.          Filed December 29, 2003.

Randall G. Van Vlaenderen, pro se.

Monica J. Miller, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The notice of determination sustained
a proposed levy with respect to petitioner's unpaid taxes for
1986, 1990, 1991, 1992, 1993, 1994, 1995, 1997, and 1999.  The
issue for decision is whether the Appeals officer's rejection of

petitioner's Form 656, Offer in Compromise, was an abuse of discretion. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Most of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Florida at the time that his petition was filed.

Petitioner is self-employed and works in the real estate business. He filed Federal income tax returns for 1986, 1990, 1991, 1992, 1993, 1994, 1995, 1997, and 1999, reflecting unpaid balances due. The balances were duly assessed, and, with penalties and accrued interest, the total unpaid liabilities exceed $78,000. Petitioner did not submit a timely Federal income tax return for 1998 and did not file any return for that year prior to May 2002. Petitioner's Federal income tax returns for 2001 and 2002 were filed during the pendency of this dispute.

On March 15, 2001, two forms of Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing were sent to petitioner. One notice related to his liability for 1990, 1991, and 1992 in the total amount of $27,066.28, and a second notice related to his liability for 1986, 1993, 1994, 1995, 1997, and 1999, totaling $40,524.01. Petitioner submitted a Request for a

Collection Due Process Hearing in which he asserted that an installment agreement had been inappropriately terminated, that his prior spouse might be partially liable, and that he had requested an offer in compromise.

By letter dated February 6, 2002, Appeals Officer Beverly A. Henry (Appeals Officer Henry) notified petitioner that she had scheduled a conference for March 5, 2002, and that the hearing that he had requested could be conducted by telephone or correspondence. On March 5, 2002, Appeals Officer Henry conducted a telephone conference in which petitioner indicated his intention to submit an offer in compromise. On March 29, 2002, petitioner submitted an offer in compromise relating to the above liabilities, proposing that the sum of $3,763 be paid in more than 90 days but within 24 months from written notice of acceptance of the offer.

On April 9, 2002, Appeals Officer Henry sent a letter to petitioner in which she stated:

> You have requested consideration of certain issues that require the expertise of the investigative functions of the Service.
>
> While the Office of Appeals will maintain jurisdiction of your case, we have requested further assistance to research and verify the information you have provided.
>
> It may be necessary for a Revenue Officer to contact you for information necessary to expedite this review. The Revenue Officer may need to contact third parties to verify some of this information. The information we have requested is needed to help us reach a resolution of your appeal.

If you have any questions, please contact me at the telephone number shown above.

The Appeals officer transmitted the documents for an offer in compromise investigation to IRS Collections (Group 4100). On April 17, 2002, the offer in compromise was returned to the Appeals officer with the statement that the Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, financial information was not verified; petitioner had not filed his return for 1998; and that the total unpaid liability was over $78,000. On April 17, 2002, the Appeals officer notified petitioner that the offer in compromise could not be considered because petitioner had not complied with the filing requirements with respect to his 1998 return. On May 2, 2002, the Appeals officer again wrote to petitioner as follows:

> This is to follow-up on your Offer in Compromise submitted for consideration.
>
> Our records indicate that this 1998 tax return has not been processed. I need an original signature in order to process. Please sign the return and return to me by May 13, 2002.
>
> The law requires you to be in compliance with all filing requirements. This includes filing all federal tax returns and making estimated tax payments if required. The record indicates that you have filed an extension for the year 2001 tax return, and you are not making estimated tax payments.
>
> Based on the above, an Offer in Compromise cannot be considered at this time because you are not in compliance with the filing requirements. Please contact me so that we can discuss this further.

Petitioner subsequently submitted the documentation requested by the Appeals officer, and, in a memorandum dated May 30, 2002, the Appeals officer concluded that petitioner was then in compliance with the filing requirements. Thus, the revenue officer proceeded to consider petitioner's offer in compromise.

The revenue officer to whom petitioner's offer in compromise was referred by the Appeals officer considered the financial information that petitioner had submitted, including bank records. The information submitted by petitioner claimed that his total monthly income was $1,812 and that his total monthly living expenses were $2,059, reflecting a monthly financial deficit. The revenue officer concluded that the income shown by petitioner was not consistent with the bank deposits reflected on his monthly statements and that the net business income reported by petitioner was not reliable because the claimed business expenses were commingled in the bank account with personal expenses. The revenue officer calculated petitioner's ability to pay based on the value of his vehicle and his average monthly bank deposits, less necessary living expenses, and concluded that the amount of $59,676 was the reasonable collection potential "based on cash offer" shown by the information petitioner had submitted.

On July 30, 2002, the Appeals officer again wrote to petitioner as follows:

> The Revenue Officer has completed the investigation of your Offer in Compromise submitted as a collection alternative.
>
> The investigation reveals that your offer in the amount of $3,763 is not adequate. The financial analysis indicates that your offer should be increased to at least $59,676. I have attached copies of the Asset/Equity Table (AET) and Income/Expense Table (IET) to support this determination.
>
> I have also enclosed Form 656 [Offer in Compromise] for you to submit an "amended offer" for $59,676 if this is acceptable to you.
>
> If you have any questions or wish to discuss further, please contact me at the telephone number shown above.
>
> If I do not receive a response from you, I will assume that you no longer wish to pursue this matter. I will issue my determination based on the available information in your case file.

Petitioner did not contact the Appeals officer by telephone, as she had suggested. By letter dated August 14, 2002, mailed August 19, 2002, and received by the Appeals Office on August 20, 2002, petitioner submitted an amended offer in compromise in the amount of $9,756. Petitioner's transmittal letter indicated that he believed that his options were to appeal within 30 days to the Office of Appeals or to submit another offer, based on instructions in the Form 656 package. Petitioner also suggested that the revenue officer's method of calculating income did not consider the expenses of running his business, as reflected on his tax returns for 1999, 2000, and 2001.

On April 19, 2002, Appeals Officer Henry signed a memorandum in which she recommended that the Notice of Intent to Levy should not be withdrawn.  The memorandum was approved by the Appeals Office team manager on August 21, 2002.  The attachment to the Appeals Office memorandum concluded that the levy was no more intrusive than necessary, the taxpayer's offer was not adequate, and:

> There is no evidence to indicate that the taxpayer would voluntarily pay the liability if the Notice of Intent to Levy were removed.  The proposed levy action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

On August 28, 2002, Appeals Officer Henry notified petitioner that the Appeals Office had issued a determination letter.  She enclosed another Form 656 package to be completed and sent to "the appropriate office for your area."

## Discussion

Neither the amount of petitioner's liability nor the procedural facts in this case are in dispute.  Petitioner contends that there was an abuse of discretion because he was not provided information on how to appeal Appeals Officer Henry's determination that the levy proposed in March 2001 would not be withdrawn and because the Appeals officer relied on erroneous calculations by the revenue officer with respect to petitioner's monthly income.

Respondent argues that, because the matter was already being considered by the Office of Appeals pursuant to petitioner's request for a section 6330 hearing, the Form 656 instructions concerning appeals from rejections of offers in compromise do not apply to this case. Respondent also argues that there is no requirement that the Appeals Office wait a particular period of time after requesting an amended offer. In any event, respondent argues that petitioner's amended offer was inadequate and would not have changed the Appeals officer's determination. Finally, respondent contends that, because the Appeals officer relied on a financial analysis and articulated reasons for her determination, there was no abuse of discretion.

Section 7122(a) authorizes compromise of a taxpayer's Federal income tax liability. Grounds for compromise include doubt as to liability, doubt as to collectibility, or promotion of effective tax administration. Sec. 301.7122-1T(b), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39024 (July 21, 1999); see sec. 7122(c)(1). The record reflects that doubt as to collectibility exists, but there is disagreement as to the collectible amount. There is no indication in the record that collection of the full liability would create economic hardship or affect voluntary compliance by taxpayers. See sec. 301.7122-1T(b)(4), Temporary Proced. & Admin. Regs., supra.

We approach the dispute in this case in the context of review of a hearing conducted under section 6330. Under section 6330, a taxpayer is entitled to one hearing in which he may propose alternatives to collection, such as the levy action proposed by respondent on March 15, 2001. See sec. 6330(b), (c), and (d). Where, as here, liability is not an issue, the Appeals officer's determination is reviewed for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Generally, we consider only issues raised at the hearing before the Appeals Office. Magana v. Commissioner, 118 T.C. 488, 493 (2002). Thus, we do not conduct an independent review of what would be an acceptable offer in compromise. We review only whether the Appeals officer's refusal to accept the offer in compromise made by petitioner was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

It is possible, as petitioner contends, that the revenue officer's financial analysis, based on the information that petitioner had provided, was flawed. We cannot, however, conclude that the information that petitioner provided was reliable or that consideration of his amended offer in compromise of $9,756 would have changed the determination. The Appeals officer's determination was based on analysis of the information that petitioner submitted. The Appeals officer adopted the

revenue officer's conclusion that petitioner could pay $59,676 in compromise of unpaid liabilities for 9 years exceeding $78,000. The determination also indicated that the proposed levy was necessary to induce payment, which was not an unreasonable conclusion in view of petitioner's long history of delinquency. Based on the information considered by the Appeals officer, we cannot conclude that rejection of petitioner's initial offer was an abuse of discretion or that rejection of petitioner's amended offer would be an abuse of discretion.  See Crisan v. Commissioner, T.C. Memo. 2003-318; Willis v. Commissioner, T.C. Memo. 2003-302; O'Brien v. Commisioner, T.C. Memo. 2003-290; Schulman v. Commissioner, T.C. Memo. 2002-129.

To reflect the foregoing,

Decision will be entered

for respondent.