T.C. Summary Opinion 2004-73


UNITED STATES TAX COURT


EDIE D. GLASS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10499-03S.              Filed May 25, 2004.


Edie D. Glass, pro se.

<u>Irene Scott Carroll</u> and <u>Ron S. Chun</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

for unpaid Federal income tax and related liabilities for 1992, 1993, 1995, and 1996.[2]

The issue for decision is whether respondent abused his discretion by rejecting petitioner's Form 656, Offer in Compromise.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Pasadena, California, at the time the petition was filed.

Petitioner filed Federal income tax returns for 1992, 1993, 1995, and 1996. For the unpaid tax liability of $7,022 reported on her 1992 return, petitioner entered into an installment payment plan with respondent. She made payments of approximately $100 per month to respondent during 2001, but she stopped making payments under the plan before paying off the remaining account balance of $6,146.41, which includes accrued interest and penalties as of July 1, 2002, for the 1992 taxable year.

On February 1, 2002, respondent issued petitioner a notice of intent to levy for the 1992, 1993, 1995, and 1996 taxable years. On March 4, 2002, respondent received petitioner's Form

---

[2] As of Feb. 1, 2002, the total amount due for the four taxable years was $20,939.17.

12153, Request for a Collection Due Process Hearing, in which petitioner indicated:

> My account should not include 1992 taxes. The balance for 1992 was paid off nearly 3 years ago.
>
> I have made monthly payments on the account for years and the balance never decreases. The exorbitant fees and assessments make it virtually impossible to pay off the balance in monthly payments.

By letter dated August 15, 2002, Appeals Officer Allan H. Marble notified petitioner that he had scheduled a hearing. Petitioner submitted a Form 656 and other requested documents for respondent's Appeals officer to consider. Appeals Officer Marble rejected petitioner's offer in compromise, noting that petitioner's offered amount of $2,496 was substantially less than what would comprise a "minimum acceptable offer" of $15,780. Petitioner's offered amount was based upon total "gross" monthly income of $2,600 and "Other expenses" of $300 per month for a watchdog. In determining the minimum acceptable offer, Appeals Officer Marble disallowed the expense for a watchdog, noted that petitioner appeared "to have used 'net' (rather than 'gross') income" on her offer in compromise, and calculated petitioner's total gross monthly income to be $4,195.

Appeals Officer Marble also addressed petitioner's concern regarding payment of her liability for the 1992 taxable year as follows:

> An analysis of IRS transcript information indicated that the taxpayer had entered into a $100 per month

*Installment Agreement* on or about January 1, 2000.  The taxpayer made these monthly payments on a reasonably regular basis until February 27, 2002.

Given the aggregate amount of the taxpayer's liability at the time the installment agreement was initiated, her contention that the balance due was 'never decreasing' is essentially correct ($1,200 paid per year would do little more than pay the interest of the aggregate liability).  **However**, this would indicate that the installment agreement itself was 'faulty' in that the creator of the agreement should have set a much greater monthly payment in order to liquidate the aggregate liability within a reasonable time span.  This retrospective observation, however, in no way addresses whether or not levy action is appropriate, as the taxpayer has not expressed any interest in modifying the terms of an installment agreement in order to fully pay the remaining outstanding liabilities.

On May 29, 2003, the Appeals Office issued the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, notifying petitioner of the determination to proceed with collection of the outstanding liabilities for the 1992, 1993, 1995, and 1996 taxable years.

Discussion

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330.  Sec. 6330(d).  Where, as here, the validity of the underlying tax liability is not at issue,[3] we review the determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza

_____

[3] Indeed, it appears from respondent's records that petitioner signed a waiver of assessment with respect to the 1993 and 1995 taxable years.

v. Commissioner, 114 T.C. 176, 183 (2000).  In so doing, we do not conduct an independent review of what would be an acceptable offer in compromise.  Van Vlaenderen v. Commissioner, T.C. Memo. 2003-346.  We review only whether the Appeals officer's refusal to accept the offer in compromise made by petitioner was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Under section 6330, a taxpayer is entitled to one hearing in which he or she may raise any relevant issue relating to the unpaid tax or the proposed levy, including offers of collection alternatives such as an offer in compromise.  Sec. 6330(b) and (c)(2).  In the present case, petitioner contends that respondent should not have rejected her offer in compromise.  The Appeals officer's determination was based on an analysis of the information that petitioner submitted.  On the basis of the information considered by the Appeals officer, we cannot conclude that rejection of petitioner's offer in compromise was an abuse of discretion.  See Van Vlaenderen v. Commissioner, supra; Crisan v. Commissioner, T.C. Memo. 2003-318; Willis v. Commissioner, T.C. Memo. 2003-302; O'Brien v. Commissioner, T.C. Memo. 2003-290; Schulman v. Commissioner, T.C. Memo. 2002-129.  Petitioner's offer in compromise of $2,496 was based upon total "gross" monthly income of $2,600 and "Other expenses" of $300 per month for a watchdog.  In determining the minimum acceptable offer of

$15,780, Appeals Officer Marble disallowed the expense for a watchdog, noted that petitioner appeared "to have used 'net' (rather than 'gross') income" on her offer in compromise, and calculated petitioner's total gross monthly income to be $4,195. Indeed, when the Court asked petitioner to explain why she disagreed with respondent's analysis of her offer in compromise, petitioner failed to provide an adequate explanation. Petitioner also contends that she should not have any tax liabilities for the 1992 taxable year because of her monthly payments. Respondent determined that payments of approximately $100 per month from January 2001 to February 2002 were insufficient to extinguish her reported tax liability of $7,022, exclusive of interest and penalties, for the 1992 taxable year. We are satisfied that respondent did not abuse his discretion in making his determination.[4]

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4] During the hearing of this case, petitioner advised the Court that she would submit an amended or new offer in compromise based upon her discussions with respondent. The Court encouraged petitioner to follow through with respondent. At the time of writing this opinion, the Court has not received any information concerning the submission of an amended or new offer in compromise.