T.C. Summary Opinion 2005-21


UNITED STATES TAX COURT


SHIRLEY DEAN POWERS, a.k.a. SHIRLEY POWERS GILCHRIST, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5057-04S.              Filed February 23, 2005.


Shirley Dean Powers, a.k.a. Shirley Powers Gilchrist, pro
se.

Innessa Glazman Molot, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463.[1]  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for unpaid Federal income tax and related liabilities for 1996 and 1997.[2] The notice of determination asserts that the unpaid balance is $4,249.07.

The issue for decision is whether respondent abused his discretion by rejecting petitioner's offer in compromise (OIC).

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Cheverly, Maryland, at the time the petition was filed.

Petitioner filed a 1996 Federal income tax return on June 17, 1997, and timely filed a 1997 Federal income tax return on or before April 15, 1998. The 1996 and 1997 returns each reflected tax due. There was no remittance with either of the returns. Respondent assessed the taxes due for 1996 and 1997.

Respondent issued petitioner a notice of intent to levy for the 1993 through 1997 taxable years. Petitioner submitted a timely Form 12153, Request for a Collection Due Process Hearing. Petitioner also submitted an OIC. The Appeals officer rejected petitioner's OIC, noting that petitioner's offered amount of $100 for the liabilities outstanding for the tax years 1993 through

---

[2] Respondent, in the notice of determination, conceded the outstanding tax liabilities for 1993, 1994, and 1995.

1997 was inadequate. The Appeals officer concluded that petitioner's monthly disposable income was $463.39 and that the monthly disposable income for the next 48 months totaled $22,242.72. After conceding the liabilities for 1993, 1994, and 1995 the Appeals officer concluded that the offer of $100 was "paltry" considering the outstanding debt of $4,249.07 for 1996 and 1997.

On February 24, 2004, the Appeals Office issued the notice of determination sustaining its determination to proceed with collection of the outstanding liabilities for the 1996 and 1997 taxable years. As indicated, the notice of determination also indicated that collection action would not be sustained with respect to the outstanding tax liabilities for 1993, 1994, and 1995, and that said liabilities should be abated.

Discussion

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 183 (2000). In so doing, we do not conduct an independent review of what would be an acceptable offer in compromise. Van Vlaenderen v. Commissioner, T.C. Memo. 2003-346. We review only whether the Appeals officer's refusal

to accept petitioner's OIC was arbitrary, capricious, or without sound basis in fact or law. See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Under section 6330, a taxpayer is entitled to a hearing in which he or she may raise any relevant issue relating to the unpaid tax or the proposed levy, including offers of collection alternatives such as an offer in compromise. Sec. 6330(b) and (c)(2). Petitioner appears to contend that the Appeals officer should have conceded the tax liabilities for 1996 and 1997, consistent with his concession of the tax liabilities for 1993, 1994, and 1995. Petitioner does not otherwise present any argument that the Appeals officer's rejection of the OIC was an abuse of discretion.

The Appeals officer conceded petitioner's tax liabilities for 1993, 1994, and 1995 because the IRS had failed to maintain the administrative files and the IRS records were insufficient to pursue collection. However, this was not the situation with respect to 1996 and 1997. Petitioner's position simply makes no sense given the disparate circumstances. Respondent's rejection of the OIC was based on an analysis of petitioner's financial information. On the basis of the information considered by the Appeals officer, we cannot conclude that rejection of petitioner's OIC was an abuse of discretion. See <u>Van Vlaenderen v. Commissioner</u>, <u>supra</u>; <u>Crisan v. Commissioner</u>, T.C. Memo. 2003-

318; <u>Willis v. Commissioner</u>, T.C. Memo. 2003-302; <u>O'Brien v. Commissioner</u>, T.C. Memo. 2003-290; <u>Schulman v. Commissioner</u>, T.C. Memo. 2002-129.  Petitioner's OIC of $100 was not based on any analysis.  Petitioner failed to provide information or explain how she arrived at her conclusions.  Indeed, when the Court asked petitioner to explain why she disagreed with respondent's analysis of her OIC, she failed to provide an adequate explanation.  We are satisfied that respondent did not abuse his discretion in making his determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>An appropriate decision will</u>

<u>be entered for respondent</u>.