T.C. Summary Opinion 2005-22


UNITED STATES TAX COURT


DEIRDRE G. MCNAMARA, Petitioner <u>v</u>. COMMISSIONER OF INTERNAL
REVENUE, Respondent


Docket No. 15050-03S.              Filed February 24, 2005.


Deirdre G. McNamara, pro se.

<u>Nancy C. Carver</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463.[1]  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

Respondent issued petitioner a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

(notice of determination) for unpaid Federal income tax and related liabilities for 1995.  The notice of determination asserts that the unpaid balance is $2,872.79.

The issue for decision is whether respondent's determination to proceed with collection action was an abuse of discretion.

Background

Some of the facts have been stipulated, and they are so found.  Petitioner resided in New York, New York, at the time the petition was filed.

Petitioner filed a Federal income tax return for the taxable year 1995 on June 17, 1996.  The return was examined by respondent.  On May 11, 1998, a notice of deficiency was issued determining a deficiency in the amount of $2,200 for the taxable year 1995.  A timely petition was filed with this Court (docket No. 13739-98S) and on March 18, 1999, a decision was entered for the taxable year 1995 in the amount of $2,200.  The decision was entered pursuant to the stipulation of the parties.  The stipulated decision was executed by petitioner and counsel for respondent.  After the decision was entered, petitioner submitted a check to respondent in the amount of $2,816.47.  The check was not honored by the bank due to insufficient funds.

On January 26, 2001, respondent sent petitioner a final notice of intent to levy and right to a collection due process hearing.  Petitioner timely filed with respondent a Form 12153,

Request for a Collection Due Process Hearing. As a basis for her disagreement with respondent's proposed collection action petitioner asserts, among other things, that "govt. agencies colluded in egregious civil & human rights abuses against me & my family". By letter dated November 27, 2001, the Appeals officer invited petitioner to submit additional relevant information relating to the issues that could be considered. In this connection, a Form 433-A, Collection Information Statement, was provided to petitioner so that she could present collection alternatives to respondent. Petitioner responded by letter dated December 8, 2001. The letter does not contain any information or assertions that could reasonably be considered as an appropriate challenge to respondent's collection action. As a result, on February 11, 2002, respondent issued a notice of determination, wherein he concluded that respondent could proceed with the proposed collection action.

Discussion

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330. Sec. 6330(d). Petitioner received a notice of deficiency, and she timely filed a petition with this Court. A decision was entered with respect to the taxable year 1995 based on the agreement of the parties. Since the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego

v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 183 (2000); Wooten v. Commissioner, T.C. Memo. 2003-113. In so doing, we do not conduct an independent review of what would be an appropriate collection alternative. Van Vlaenderen v. Commissioner, T.C. Memo. 2003-346. We review only whether the Appeals officer's determination was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Under section 6330, a taxpayer is entitled to a hearing in which he or she may raise any relevant issue relating to the unpaid tax or the proposed levy, including offers of collection alternatives such as an offer in compromise. Sec. 6330(b) and (c)(2). In the present case, petitioner appears to contend that respondent should not proceed with collection because of abuses she and her family have suffered by various Government agencies. Petitioner does not otherwise present any argument that the Appeals officer's actions were an abuse of discretion.

On the basis of the information considered by the Appeals officer, we cannot conclude that the Appeals officer's determination to proceed with collection action was an abuse of discretion. See Van Vlaenderen v. Commissioner, supra; Crisan v. Commissioner, T.C. Memo. 2003-318; Willis v. Commissioner, T.C. Memo. 2003-302; O'Brien v. Commissioner, T.C. Memo. 2003-290; Schulman v. Commissioner, T.C. Memo. 2002-129. Indeed, when the

Court asked petitioner to explain why she disagreed with respondent's proposed collection action, petitioner failed to provide any meaningful explanation.  We are satisfied that respondent did not abuse his discretion in making his determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.