T.C. Memo. 2005-175

UNITED STATES TAX COURT

DONALD A. AND VIRGINIA M. SINGER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 147-04L.                    Filed July 18, 2005.

Donald A. Singer and Virginia M. Singer, pro sese.

<u>Pamela L. Mable</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent issued petitioners a Notice of
Determination Concerning Collection Action(s) under Section 6320
and/or 6330 (notice of determination).[1]  In response to that
notice, petitioners timely filed a petition for lien or levy

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

action under Code section 6320(c) or 6330(d). We review for abuse of discretion respondent's notice of determination.

### Background

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners are husband and wife. At the time of filing the petition, petitioners resided in Gainesville, Georgia.

On July 1, 2002, respondent sent petitioners a final notice of intent to levy pursuant to section 6330 for taxable years 1997 and 1999. Subsequently, respondent received from petitioners a timely Form 12153, Request for Collection Due Process Hearing.[2] The handwritten Form 12153 stated: "WE DO NOT DISPUTE AMOUNTS DUE, HOWEVER, DUE TO DIFFICULTIES IN GAINING INCOME ON THE PART OF TAXPAYER DONALD A. SINGER, AND DIFFICULTY IN GAINING EMPLOYMENT A TAX LIEN ON PROPERTY AT THIS TIME WOULD SEVERELY HURT CHANCES OF GAINING EMPLOYMENT OR INCOME."

On April 14, 2003, petitioners submitted Form 656, Offer in Compromise, and Form 433-A, Collection Information Statement for Individuals, setting forth an offer in compromise based on doubt

---

[2]On Form 12153, petitioners incorrectly marked the line contesting the filing of a notice of Federal tax lien, but later, on May 9, 2003, petitioners sent a letter by facsimile correcting the mistake and challenging the proposed levy action.

as to collectibility.[3]  Petitioners offered to pay $10,000, with

$3,000 as an initial payment and 21 monthly payments of $333

thereafter.  As of June 18, 2003, petitioners owed approximately

$33,006.31 in taxes, penalties, and interest for the years in

issue.  Both the offer in compromise and the hearing request were

assigned to Settlement Officer Marilyn Q. Alls.

On July 7, 2003, a hearing was conducted by telephone

between Settlement Officer Alls and petitioner Donald A. Singer.

Settlement Officer Alls had no prior involvement with the taxes

that were the subject of the proceeding.  In the hearing,

Settlement Officer Alls verified that all legal and procedural

requirements had been met.  Amounts due had been properly

assessed, notice and demand had been made, the taxes were still

outstanding, and a levy source was identified and available.

Settlement Officer Alls verified that the proposed action

balanced the need for efficient collection of taxes with the

concern that any collection action be no more intrusive than

necessary.

In her review, Settlement Officer Alls determined that

petitioners had the ability to pay the liability in full over the

---

[3]Petitioners did not check any of the boxes in sec. 6 of
Form 656 to indicate the offer was based on doubt as to
collectibility or otherwise.  However, the statement attached to
petitioners' Form 656 claims they are unable to pay and mentions
no exceptional circumstances, such as permanent disability, that
would merit compromise based on effective tax administration.

life of the collection period. Consequently, the offer was rejected.[4]

Settlement Officer Alls explained to petitioner Donald A. Singer that the offer was rejected because petitioners had the ability to pay their tax liability in full over the life of the collection period. Settlement Officer Alls proposed a collection alternative in the form of an installment plan requiring a $10,000 downpayment and monthly payments of $275. She orally requested that petitioners respond to her offer or propose an alternative method for paying the full amount by July 31, 2003. However, petitioners did not respond. They neither offered an alternative payment plan nor submitted any additional information regarding changed financial circumstances.

Having reached no agreement on an installment payment amount, respondent issued the notice of determination to petitioners by certified mail on December 5, 2003. Subsequently, petitioners timely petitioned the Court in the instant lien or levy action, requesting lower monthly installment payments on the basis of changed financial circumstances. The petition stated:

> Seek relief in the form of a reduction in the monthly payment set forth in the notice of determination dated 12/52003 [sic]. Since the submission of our Offer In Compromise and the notice of determination our monthly expenses have increased. Monthly term life insurance premiums have increased

---

[4]This determination was summarized in a "Rejection Narrative Doubt as to Collectibility" dated Nov. 13, 2003.

$50.00 on a five year renewable basis, prescription drug co-payments have increased and city and county property taxes on our home have increased. Also, no consideration was given to the monthly interest payments which we will incur on the $10,000 line of credit we will need for the initial payment.

## Discussion

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies the person in writing of the right to a hearing before the Appeals Office. Section 6330(c)(1) provides that the Appeals officer must verify at the hearing that applicable laws and administrative procedures have been followed. At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). However, the person may challenge the existence or amount of the underlying tax liability only if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

In the instant case, petitioners do not dispute the underlying tax liability. Rather, petitioners dispute respondent's rejection of the offer in compromise. Accordingly, we review the administrative determination for abuse of

discretion.  See <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

Section 7122(a) authorizes the Secretary to compromise any civil case arising under internal revenue laws.  The Secretary may compromise a liability for doubt as to collectibility when "the taxpayer's assets and income are less than the full amount of the assessed liability."  Sec. 301.7122-1(b)(2), Proced. & Admin. Regs.

Settlement Officer Alls reviewed petitioners' submitted financial information and determined that an offer in compromise was not appropriate on the basis of doubt as to collectibility because petitioners had the ability to pay the liability in full over the life of the collection period.[5]  We conclude that Settlement Officer Alls reasonably determined that petitioners had sufficient income and assets to satisfy the tax liability.[6]

---

[5]The "Rejection Narrative Doubt as to Collectibility" prepared by Settlement Officer Alls shows that petitioners had Net Realizable Equity consisting of bank accounts, a pension account, and real estate totaling $12,054.38.  Petitioners' monthly gross income was $5,089.50 and allowable expenses only $4,404.93, leaving a net difference of $684.57.  This indicates an ability to pay more than $50,000 over the life of the collection period, exceeding the liability of $33,006.31.

[6]We note that, at trial, petitioner presented no evidence of increased expenses.  Nevertheless, Settlement Officer Alls testified that, at respondent's request, she had reviewed petitioners' file before trial, and, even after she made additional allowances for expenses, including interest on the possible $10,000 line of credit and $50 more for insurance, petitioners do not qualify for an offer in compromise based on
(continued...)

Consequently, respondent's refusal to enter into an offer in compromise was not an abuse of discretion.  See <u>Crisan v. Commissioner</u>, T.C. Memo. 2003-318 (holding the Commissioner's refusal to enter into an offer in compromise was not an abuse of discretion on the basis of a review of the financial information submitted to the settlement officer).

On the basis of the foregoing, we conclude that all the requirements of section 6330 have been satisfied, and respondent may proceed with his proposed collection actions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

(...continued)
doubt as to collectibility.  Thus, we believe that it is neither necessary nor productive to remand this case to IRS Appeals to consider petitioners' arguments.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).