**WARBELOW'S AIR VENTURES, INC., Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 02–73328.

Tax Ct. No. 10351–00.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Oct. 22, 2003.

Michael J. Walleri, Esq., Fairbanks, AK, for Petitioner–Appellant.

Gary R. Allen, Esq., U.S. Department of Justice, Charles S. Casazza, B. John Williams, Jr., Esq., Joan I. Oppenheimer, Esq., Steven W. Parks, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

# MEMORANDUM *

Petitioner–Appellant Warbelow's Air Ventures, Inc. (Warbelow's) appeals from the Tax Court's decision holding that it was liable for income tax deficiencies for the years 1996–1998. We do not recite the facts of this case here because they are known to the parties.

To qualify for the Indian Employment [Tax] Credit, the employees must (1) be–or be married to–enrolled members of an Indian tribe; (2) perform substantially all employment services "within an Indian reservation;" and (3) reside while performing such services "on or near the reservation in which the services are performed." *See* 26 U.S.C. § 45A(c)(1) (2000). The parties do not dispute that Warbelow's meets the first and third requirements. The only issue on appeal is whether Warbelow's meets the second requirement: that employees perform substantially all services "within an Indian reservation."

Warbelow's argues that § 45A does not require a qualified employee to work "on" an Indian reservation but "within" an Indian reservation, which Warbelow's defines as any land on or surrounded by an Indian reservation. No case supports Warbelow's interpretation. Section 45A provides that the applicable definition of "Indian reservation" is the definition found in 26 U.S.C. § 168(j)(6). *See* 26 U.S.C. § 45A(c)(7). Section 168(j)(6), in turn, states that the definition of "Indian reservation" is as defined by the Indian Financing Act, 25 U.S.C. § 1452(d) or the Indian Child Welfare Act, 25 U.S.C. § 1903(10). The Indian Child Welfare Act refers to "Indian country" as defined in 18 U.S.C. § 1151. That definition refers to "boundaries" of an Indian reservation, land held in trust by the United States, or land held by a tribe or Indian subject to a restraint on alien-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ation by the United States. Because reservations generally do not exist in Alaska, Alaska Native land is not held in trust, and such land is not held subject to a restraint on alienation by the United States, that definition does not apply to this case.

The definition of "reservation" in the Indian Financing Act, 25 U.S.C. § 1452(d), however, does apply. That act defines an "reservation" to include "land held by incorporated Native groups, regional corporations, and village corporations under the provisions of the Alaska Native Claims Settlement Act." A natural reading of this definition would mean that land "within a reservation" in Alaska would mean *on* the village or regional corporation lands, because no additional boundaries are provided that encompass other land.

Therefore, we affirm the Tax Court's judgment for the Commissioner.

AFFIRMED.