T.C. Summary Opinion 2004-47


UNITED STATES TAX COURT


GEORGE IRA NICOL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10308-02S.              Filed April 12, 2004.


George Ira Nicol, pro se.

<u>Catherine S. Tyson</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  Pursuant to section 6330(d),[1] petitioner seeks review of the determination to proceed with collection of petitioner's tax liability of $7,210 for 1993.  At trial, petitioner also challenged the amount of interest that has accrued on his tax liability.  The issues for decision are:  (1) Whether the Appeals officer abused his discretion by not offering petitioner collection alternatives, under section 6330(d)(2); and, (2) whether the Appeals officer should have abated interest assessed with respect to petitioner's deficiency for the 1993 tax year.

The stipulated facts and exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in San Benito, Texas.

## Background

A.  Petitioner's Individual Income Tax Returns for 1993 and 1997

On April 15, 1994, petitioner filed a Form 4868, Extension of Time To File U.S. Individual Income Tax Return regarding his 1993 Federal Individual Income Tax Return.  Petitioner also

---

[1]Sec. 6330 was enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 746.  Sec. 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998; i.e., after Jan. 18, 1999.  See RRA 1998 sec. 3401(d), 112 Stat. 750.

submitted a payment of $3,000.  On August 18, 1994, petitioner submitted a Form 2688, Application for Additional Extension of Time To File U.S. Individual Income Tax Return.

Subsequently, petitioner failed to file timely his income tax return for tax year 1993.  On July 16, 1997, respondent filed a substitute for return for petitioner.  On October 17, 1997, respondent sent to petitioner a notice of deficiency pertaining to that year determining a tax deficiency of $6,845.  On July 29, 1998, after receiving the notice of deficiency, petitioner submitted a Form 1040, U.S. Individual Income Tax Return, for tax year 1993 reporting a tax liability of $6,269 and claiming as a payment credit the $3,000 he had paid with his Form 4868.

Petitioner did not file a petition with this Court with respect to the notice of deficiency for the 1993 tax year.  When respondent assessed the deficiency on May 10, 1999, respondent lowered the amount of petitioner's liability from the amount stated in the notice of deficiency to an amount based upon the Form 1040 submitted by petitioner.

Petitioner married Juanita Nicol in 1996.  On August 28, 1999, petitioner and Mrs. Nicol (separately, petitioner and Mrs. Nicol; together, the Nicols) submitted their joint 1997 Form 1040 to respondent showing tax due in the amount of $1,157.  The Nicols did not pay the tax due as shown on the return at the time of filing.  Respondent assessed the Nicols' tax liability for tax

year 1997 based on the return.  Prior to trial, the tax pertaining to the 1997 return was paid in full.  The Court dismissed the 1997 tax year from the petition.  Mrs. Nicol was dismissed from the case because she had no involvement in the 1993 tax year which pertained solely to petitioner's individual income tax liability.

B.  <u>Notice of Intent To Levy and Notice of Federal Lien</u>

The Nicols previously had an installment agreement in place covering 1993 and 1997.  They stopped making the $50 monthly payments under that agreement and respondent found them to be in default.  Respondent sent petitioner a Notice of Intent to Levy dated July 24, 2000.

On October 19, 2000, respondent sent petitioner a Final Notice, Notice of Intent to Levy, and Notice of Your Right to a Hearing for unpaid taxes in the amount of $9,443.31 for 1993. Subsequently, respondent filed a Notice of Federal Tax Lien on May 24, 2001.

C.  <u>Appeals Office Hearing</u>

On June 8, 2001, Mrs. Nicol filed a Form 12153, Request for a Collection Due Process Hearing (CDP Hearing), and attached a Form 8379, Injured Spouse Claim and Allocation, for tax year 1997.  On that same date, petitioner also filed a Form 12153 for tax year 1993.

On July 5, 2001, petitioner filed another Form 12153 regarding tax year 1993 to which he attached a letter in which he offered to make 10 monthly payments of $100 to settle the 1993 liability. The Nicols did not submit a Form 656, Offer in Compromise.

Mrs. Nicol, and to a lesser extent, petitioner, conducted the CDP Hearing with the Appeals officer via telephone and faxes. The vast majority of the communications between Mrs. Nicol and the Appeals officer pertained to her request for injured spouse relief and the reallocation of the Nicols' 1998 and 2000 tax refunds from petitioner's 1993 individual tax liability to the Nicols' 1997 joint tax liability.

Although the Nicols were not married until 1996 and the 1993 tax liability is petitioner's sole responsibility, their refunds, $1,116 for tax year 1998, $2,317 for tax year 2000, and $600 for the midyear 2000 refund were originally applied to petitioner's liability from tax year 1993. During the CDP Hearing, the Appeals officer reviewed Mrs. Nicol's injured spouse claim and determined that applying the full amount of the refunds to petitioner's 1993 tax liability was incorrect. The correct amount of the refund to be applied to the 1993 year was 100 percent of petitioner's refund and 50 percent of Mrs. Nicol's refund. Based upon Mrs. Nicol's injured spouse claim, one quarter of the original refund amounts for tax years 1998 and

2000 were reversed and then reallocated to the 1997 joint tax liability. Subsequently, the Nicols informed the Appeals officer that they could not pay their outstanding tax liabilities for 1993 and 1997.

During the CDP hearing, Mrs. Nicol also inquired about the interest for 1997. The Appeals officer sent Mrs. Nicol INTST[2] printouts of her joint tax account with petitioner on February 22, 2002, and again on March 6, 2002. There is no evidence in the record that either petitioner or Mrs. Nicol ever asked for an abatement of interest for 1997 or that they ever inquired about or requested an abatement of the interest for 1993.

D. Notices of Determination

In Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated May 16, 2002, respondent determined that the legal, administrative, and procedural requirements for proceeding with collection by lien of petitioner's income tax had been met.

On June 17, 2002, petitioner timely filed a petition in this Court challenging the 1993 deficiency and alleging that respondent failed to offer or discuss collection alternatives.

---

[2]An INTST is an internal IRS interest and penalty computation program. It shows the amount of taxes, tax penalties, and interest due from or owing to the taxpayer with respect to a tax account as of a specific date, based upon both posted and pending transactions. Kay v. IRS, 82 AFTR 2d 6138, 98-2 USTC par. 50,707 (C.D. Cal. 1998), affd. without published opinion 225 F.3d 663 (9th Cir. 2000).

At trial, petitioner contested the interest that had accrued on the 1993 deficiency.

## Discussion

Section 7491, which shifts the burden of proof to the Secretary in certain circumstances, is inapplicable to this case because examination of petitioner's 1993 tax return commenced prior to July 22, 1998, the effective date of section 7491. See Warbelow's Air Ventures, Inc. v. Commissioner, 118 T.C. 579, 582 n.8 (2002), affd. 80 Fed. Appx. 16 (9th Cir. 2003).

1. Respondent's Determination To Proceed With Collection

Section 6330 provides for a hearing before a levy is imposed. Section 6330(c) sets forth, in pertinent part, the issues that may be considered at the hearing, as follows:

> SEC. 6330(c). Matters Considered at Hearing.--
> In the case of any hearing conducted under this section–
>
> *    *    *    *    *    *    *
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

In his petition, petitioner challenges his underlying 1993 tax liability.  Because petitioner received a notice of deficiency for the 1993 tax year and failed to file a petition in this Court, he is not entitled to challenge the existence or amount of his underlying 1993 tax liability in this collection proceeding.  See secs. 6320(c), 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).  Where the validity of the tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

Petitioner contends that the Appeals officer abused his discretion by failing to offer or discuss an offer in compromise or an installment agreement.  Section 6330 contemplates, however, that it is the taxpayer who will raise at the hearing relevant issues, including offers of collection alternatives.  Sec. 6330(c)(2)(A)(iii).  The statute requires the Appeals officer only to consider the "offers of collection alternatives" raised and information presented by the taxpayer.  Chandler v.

Commissioner, T.C. Memo. 2004-7; see also, e.g., Crisan v.

Commissioner, T.C. Memo. 2003-318; Willis v. Commissioner, T.C.

Memo. 2003-302; O'Brien v. Commissioner, T.C. Memo. 2003-290;

Schulman v. Commissioner, T.C. Memo. 2002-129.

a. Offer in Compromise

Section 7122(a) authorizes the Commissioner to compromise a

taxpayer's outstanding liabilities.  The regulations and

procedures under section 7122 provide the exclusive method of

effectuating a nonjudicial compromise.[3]  Laurins v. Commissioner,

889 F.2d 910, 912 (9th Cir. 1989), affg. Norman v. Commissioner,

T.C. Memo. 1987-265; Shumaker v. Commissioner, 648 F.2d 1198,

1199-1200 (9th Cir. 1981) (citing Botany Worsted Mills v. United

States, 278 U.S. 282, 288-289 (1929)), affg. in part, revg. and

remanding in part per curiam on other grounds T.C. Memo. 1979-71.

---

[3]Sec. 301.7122-1, Proced. & Admin. Regs., contains an effective date provision stating that the section applies to offers in compromise pending on or submitted on or after July 18, 2002.  Sec. 301.7122-1(k), Proced. & Admin. Regs.  Previous temporary regulations by their terms apply to offers in compromise submitted on or after July 21, 1999, through July 19, 2002.  Sec. 301.7122-1T(j), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39027 (July 21, 1999).  Because the final and temporary regulations do not differ materially in substance in any way relevant here, the Court need not resolve which section would apply in petitioner's circumstances.  The Court further notes that temporary regulations are entitled to the same weight and binding effect as final regulations.  Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).  For simplicity and convenience, citations are to the final regulations.

An offer in compromise must be submitted on special forms prescribed by the Secretary.  Laurins v. Commissioner, supra at 912; Riederich v. Commissioner, 985 F.2d 574 (9th Cir. 1993), affg. without published opinion T.C. Memo. 1991-164.  Section 601.203(b), Statement of Procedural Rules, identifies Form 656 as the form required for an offer in compromise.  Petitioner admittedly did not submit a Form 656 or otherwise describe his income, assets, and other financial information required by Form 656 to respondent.

b.  Installment Agreement

The Court assumes, arguendo that petitioner intended that his offer to make monthly payments would be treated by respondent as an installment agreement.  An installment agreement contemplates payment in full of an amount acknowledged as owed and is based on the taxpayer's current financial condition.  See sec. 6159; sec. 301.6159-1, Proced. & Admin. Regs.; 2 Administration, Internal Revenue Manual (CCH), sec. 5.19.1.5.4.1 at 18,299-65; Form 433-D, Installment Agreement; see also Crisan v. Commissioner, supra; Martin v. Commissioner, T.C. Memo. 2003-288.

Respondent's determination was based on information provided by petitioner and Mrs. Nicol to the Appeals officer which reflected petitioner's and Mrs. Nicol's current financial condition.  See Crisan v. Commissioner, supra; Schulman v.

Commissioner, supra.  Petitioner informed respondent's Appeals officer that he could not pay off the liability.

The Court notes that respondent also considered the fact that petitioner had defaulted on a prior installment agreement as an additional reason to proceed with collection.  Mrs. Nicol testified that they did not default on the installment agreement and that they indicated that their refunds for tax years 1998 and 2000 would be applied to satisfy the liabilities.  However, the Nicols admitted in their petition that they were unable to make consistent payments under the installment agreement.  See Wells v. Commissioner, T.C. Memo. 2003-234 (taxpayer's default on installment agreement was an additional reason to proceed with collection).  At trial, petitioner did not present evidence or make any arguments that would persuade the Court that an installment agreement was an appropriate alternative to enforced collection.

Petitioner has failed to demonstrate that the proposed levy action is inappropriate, another collection alternative is more appropriate, or some other relevant issue adversely affects respondent's proposed collection activity.  The Court therefore concludes that respondent's determination to proceed by levy with the collection of petitioner's income tax liability was not an abuse of discretion.

2.  <u>Abatement of Interest</u>

At trial, petitioner contested the interest that had accrued on the 1993 deficiency.  This issue arguably goes beyond the scope of the issues defined in the petition.  See Rule 331(b)(4). However, respondent did not object.  Accordingly, the Court regards this issue as having been tried by consent, and it shall be treated as if it had been raised in the petition.  See Rule 41(b).

If, as part of a CDP Hearing, a taxpayer makes a request for abatement of interest, the Court has jurisdiction over the request for abatement of interest that is the subject of the Commissioner's collection activities.  <u>Katz v. Commissioner</u>, 115 T.C. 329, 340-341 (2000).  Generally, the Court considers only arguments, issues, and other matters that were raised by the taxpayer at the CDP Hearing or otherwise brought to the attention of the Appeals Office.  <u>Magana v. Commissioner</u>, 118 T.C. 488, 493 (2002); <u>Miller v. Commissioner</u>, 115 T.C. 582, 589 n.2 (2000), affd. per curiam 21 Fed. Appx. 160 (4th Cir. 2001); <u>Sego v. Commissioner</u>, 114 T.C. at 612.

The record does not demonstrate that petitioner raised at the CDP Hearing any issue concerning the accrued interest on the 1993 deficiency.  While Mrs. Nicol inquired about the interest on the 1997 deficiency, she never inquired about interest on the 1993 deficiency, nor did she ask for an abatement of either.

Assuming arguendo (1) that the record before the Court had established that petitioner raised such an issue at his CDP Hearing, (2) that the Court considered petitioner's request to be a request for abatement of interest under section 6404, and (3) that the Court has jurisdiction under section 6404(i) to consider that request, see <u>Washington v. Commissioner</u>, 120 T.C. 114, 123 n.12 (2003); <u>Katz v. Commissioner</u>, <u>supra</u> at 342-343, the Court concludes that petitioner has failed to prove that respondent abused his discretion in failing to abate interest. Petitioner failed to establish any error or delay attributable to the Appeals officer's being erroneous or dilatory in performing a ministerial act requiring the abatement of interest with respect to the taxable year 1993. See sec. 6404(e).

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.